A92A0031. GAY et al. v. FRANCHISE ENTERPRISES, INC.
(418 SE2d 135)

POPE, Judge.

This case arises out of an altercation at Hardee's Restaurant in

Dublin, operated by defendant Franchise Enterprises, Inc. Plaintiffs Ronnie and Janice Gay are husband and wife. According to the evidence of record, on the evening of October 21, 1987 they went inside the restaurant, placed an order at the counter and sat at a table in the dining area of the restaurant while they waited for their order to be prepared. A group of young men sitting near them were talking loudly and using profanity and Mr. Gay asked them to "watch [their] language." The young men became even louder and responded that they could say what they pleased.

Mr. and Mrs. Gay rose from their table to leave and one of the men stepped in front of Mr. Gay, got "in his face" and blocked the couple's way out of the restaurant. Mrs. Gay called to a restaurant employee behind the counter and asked her to call the police. Although Mrs. Gay said the employee took no immediate action, plaintiffs admit the police did come to the scene and they assume the restaurant employees called them. Mr. Gay admitted he shoved the man who had blocked his way and the man started toward him brandishing his fist. A fight broke out and several of the young men attacked Mr. Gay, who suffered a broken jaw and other injuries as a result of the fight. When Mrs. Gay came to her husband's rescue, she was also beaten.

Plaintiffs filed a complaint against the restaurant and the man who allegedly started the fight, although only the restaurant answered the complaint. Plaintiffs allege that the restaurant, through its agents and employees, had knowledge of prior disturbances at the restaurant and failed to take reasonable care to warn and protect plaintiffs from the known danger of assault by third persons. The trial court granted summary judgment to defendant restaurant and plaintiffs appeal.

This case is governed by the holding in *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816 (386 SE2d 415) (1989). In that case, we held that a landowner is generally under no duty to anticipate a criminal assault upon an invitee by a third party unless the owner was on notice of such danger, and evidence of prior criminal acts is admissible to establish such notice. In *Grandma's Biscuits*, the plaintiff, who had been shot by an unknown assailant while a patron at defendant's restaurant, submitted a police computer printout showing various criminal offenses had been reported at the premises in question. None of the offenses involved a shooting, however, and only one, occurring five months prior to plaintiff's injury, had involved an assault. Even the report of the assault did not indicate whether it involved a patron or whether it occurred inside or outside the restaurant. Thus, we concluded that it did "not establish the occurrence of a similar crime at the restaurant which would have served to place the appellant on notice that its patrons were exposed to an unreasonable risk of danger from criminal assault." Id. at 817-818. Consequently, we ruled that

the defendant restaurant was entitled to summary judgment.

In the case at hand, plaintiffs submitted the affidavit of a police officer who did not attest that the affidavit was based upon his personal knowledge, but only that the facts contained therein were "true upon his personal belief." The affidavit stated that the officer was aware, and it was common knowledge at the police department, that both before and after the incident complained of in plaintiffs' complaint the Dublin Police Department had, on many occasions, received calls to respond to "altercations, loitering, and other breaches of the peace" at the restaurant. He stated that incident reports exist concerning certain of the complaints investigated at the restaurant, but no copies of reports were submitted into evidence. Even if the affidavit provided competent evidence of previous incidents at the restaurant, none of the incidents was shown to involve criminal attacks upon patrons of the restaurant. Thus, the affidavit was insufficient to establish the essential element of defendant's knowledge of prior substantially similar incidents sufficient to place defendant on notice of a danger to plaintiffs. See *Washington Rd. Properties v. Stark*, 178 Ga. App. 180 (342 SE2d 327) (1986) (evidence of two previous robberies at the front desk of a hotel did not establish notice to the innkeeper of a danger of personal attack upon guests); *Arnold v. Athens Newspapers*, 173 Ga. App. 735 (1) (327 SE2d 845) (1985) (evidence of three prior burglaries on the premises did not establish notice of a danger of armed robbery); *Tolbert v. Captain Joe's Seafood*, 170 Ga. App. 26 (2) (316 SE2d 11) (1984) (evidence of one prior incident of a crime against property in a restaurant parking lot did not establish notice to the owner of the danger of personal attack upon patrons leaving the restaurant).

The trial court did not err in granting defendant's motion for summary judgment because defendant showed "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [plaintiffs'] case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 9, 1992.

J. Stanley Smith, Jr., for appellants.

Martin, Snow, Grant & Napier, William H. Larsen, Jay C. Traynham, for appellee.