# Court of Appeals
# of the State of Georgia

ATLANTA,  August 10, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0566.  CARNEL LAVAN BRYANT v. THE STATE.**

Carnel Lavan Bryant was convicted of armed robbery and other crimes, and we affirmed his convictions on appeal. *Bryant v. State*, 304 Ga. App. 755 (697 SE2d 860) (2010).  He later filed a "Motion to Correct Null and Void/Illegal Sentence Under Newly Discover[ed] Evidence."  The trial court denied the motion, and Bryant filed this application for discretionary review in the Supreme Court, which subsequently transferred it here.

An appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Bryant did not argue that his sentence exceeded legal limits. Instead, he claimed that he was denied the right to counsel during pretrial showup identifications.[1]  This is a challenge to the validity of Bryant's convictions, not his

---

[1] Although the caption of Bryant's motion referred to newly discovered evidence, he did not identify any such evidence in his motion or application.  In any

sentence. However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Accordingly, this application is hereby DISMISSED. Bryant's request for oral argument is DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/10/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

event, we note that Bryant had no right to counsel at the showups because they occurred within an hour of the crimes, at which point "formal adversary proceedings . . . had not yet commenced." *Allen v. State*, 203 Ga. App. 851, 852 (2) (418 SE2d 135) (1992); see also *Kirby v. Illinois*, 406 U. S. 682 (92 SCt 1877) (32 LE2d 411) (1972) (no right to counsel at pre-indictment showup). Moreover, in Bryant's direct appeal, we ruled that the showups were not impermissibly suggestive and that there was no substantial likelihood of irreparable misidentification. *Bryant*, 304 Ga. App. at 757-758 (2).