A89A0941. GRANDMA'S BISCUITS, INC. v. BAISDEN.
(386 SE2d 415)

BANKE, Presiding Judge.
The appellee sued to recover for injuries sustained when he was

shot, without provocation or apparent motive, by an unknown assailant while a patron at a restaurant owned and operated by the appellant. The case is before us on interlocutory appeal from the denial of the appellant's motion for summary judgment. The appellant contends that the assailant's conduct was an unforeseeable criminal act for which it cannot be held responsible, while the appellee maintains that the assault was foreseeable and that the appellant was negligent in providing security at the restaurant. *Held*:

1. The general rule is that a landowner is under no duty to anticipate a criminal assault against an invitee by a third party; however, "[t]he rule has been held inapplicable if the landowner had reasonable grounds for apprehending that such a criminal act would be committed. [Cit.]" *Nalle v. Quality Inn*, 183 Ga. App. 119, 120 (358 SE2d 281) (1987). Evidence of prior criminal acts may be admitted to establish that the landowner was on notice that his patrons were subject to the risk of criminal assault, provided that the circumstances surrounding the prior acts were "substantially similar" to those surrounding the acts on which the suit is predicated. See *McCoy v. Gay*, 165 Ga. App. 590, 592 (302 SE2d 130) (1983). "Whether a 'substantial similarity' exists must be determined by the facts of each individual case. It is not required that the offenses be identical. 'All that is required is that the prior (incident) be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated (incident).'" *MARTA v. Allen*, 188 Ga. App. 902, 903 (374 SE2d 761) (1988).

In support of its motion for summary judgment, the appellant relied on testimony from several of its officers and employees, including the restaurant's manager, to the effect that no shooting or other violent crime had previously occurred at the restaurant. In opposition to this testimony, the appellee submitted a police computer printout showing that between 1981 and 1984 various other criminal offenses had been reported at the address in question. However, none of those offenses had involved a shooting, and only one, which had occurred approximately five months prior to the occurrence on which the present action is based, had involved an assault. The appellant maintains that, in the absence of a showing that the circumstances of that assault were similar to those of the assault for which the appellee seeks to recover, this evidence fails to satisfy the "substantial similarity" requirement and thus fails to negate the evidence offered in support of its motion for summary judgment. We agree. The computer printout does not reveal whether the prior assault occurred inside the restaurant or outside, or even whether it involved a patron of the restaurant. Thus, we conclude that it does not establish the occurrence of a similar crime at the restaurant which would have served to place the appellant on notice that its patrons were exposed to an unreason-

able risk of danger from criminal assault. Accord *Nalle v. Quality Inn*, supra; *McCoy v. Gay*, supra.

2. The appellee contends that the appellant may nevertheless be charged with liability under the theory that it had undertaken to provide security at the restaurant but had then failed to use reasonable care in carrying out that undertaking. In support of this theory, the appellee points to certain testimony by the restaurant's manager to the effect that he had not made his usual periodic check of the restaurant and parking lot prior to the incident. However, the appellee does not suggest how the shooting might have been prevented had such a check been made. In *Adler's Package Shop v. Parker*, 190 Ga. App. 68 (378 SE2d 323) (1989), where a store patron had been shot despite the efforts of a security guard who had intervened to protect her, we reversed the denial of the store owner's motion for summary judgment, holding that "an injured person seeking to impose liability upon another for the negligent performance of a voluntary undertaking must show either detrimental reliance or an increased risk of harm. . . ." Id. p. 72. In the present case, the appellee has not alleged that he was aware of or acted in reliance upon any undertaking by the appellant to provide security at the restaurant, nor has he alleged that the appellant's efforts in this regard increased the risk that an assault might occur. Accordingly, we hold that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 18, 1989.

*James T. Budd*, for appellant.
*W. Wheeler Bryan*, for appellee.