A91A1396. CONFETTI ATLANTA, LTD. et al. v. GRAY.
(414 SE2d 265)

COOPER, Judge.

A jury trial resulted in a verdict for appellee. Appellants appeal from the order denying their motion for judgment notwithstanding the verdict or in the alternative for new trial.

At approximately 12:30 a.m., appellee and a friend went to a nightclub operated by appellants. While inside the nightclub, appellee and his friend ran into two female friends of appellee. Jimmy Cooley ("Cooley"), then 16 years old, was also at the nightclub that night and during the evening, behaved in an annoying manner toward appellee's group. When the nightclub closed, appellee and his group left the nightclub and proceeded to the parking lot. While appellee and his friends were in the parking lot, Cooley approached them driving a pickup truck. Cooley's friend got out of the passenger side of the pickup truck and said something to appellee's friend at which time a scuffle ensued between appellee's friend and Cooley's friend. Shortly thereafter, Cooley and appellee became involved in the altercation, and within minutes, Cooley walked away from the altercation, got into the pickup truck and ran over appellee with the truck. Appellee suffered severe injuries as a result of the incident and subsequently filed a lawsuit against Cooley and appellants. Appellee settled with Cooley's insurance company, and the case proceeded to trial against appellants on theories of negligence and violation of the Georgia dram shop act by serving alcohol to a minor who was intoxicated. Appellants moved for directed verdict at the close of appellee's case, and the trial court reserved ruling. Appellants renewed their motion at the close of the evidence and the trial court denied the motion. After the jury returned a verdict in favor of appellee, the trial court asked the foreperson upon which theory of liability the jury based their verdict. The foreperson stated that liability was based on negligence and made a notation to that effect on the verdict. Subsequently, appellants filed a motion for judgment notwithstanding the verdict or in the alternative for new trial, which was denied by the trial court.

1. Appellants contend in their first enumeration of error that the

trial court should have granted their motions for directed verdict and judgment notwithstanding the verdict on appellee's theory of negligence. Under Georgia law, a landowner is liable to invitees "for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. " '[A] landowner is not an insurer of an invitee's safety. [Cit.]' The true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. [Cits.]" *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167-168 (279 SE2d 342) (1981).

" '(O)ne is not ordinarily charged with the duty of anticipating acts mala per se, but there are exceptions to this rule. . . .' [Cit.] ' "It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence." (Cit.) Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. (Cit.) "However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." (Cit.)' [Cit.]" *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983). Appellee argues that appellants were negligent in not having a security guard outside the club while patrons exiting the club were in the parking lot; that Cooley's act of running over appellee with a truck was not an isolated criminal act but was an escalation of the fight which occurred in the parking lot; and that the fight was a foreseeable risk against which appellants failed to protect appellee. Appellants contend that the intervening criminal act of Cooley was not foreseeable since no similar incidents had ever occurred on appellants' property. However, appellee was not required to show that the exact criminal act had occurred on a prior occasion. " 'All that is required is that the prior accident be *sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident.* (Cit.)' [Cit.]" (Emphasis in original.) *McCoy v. Gay*, supra at 592.

Appellants cite a number of cases in support of their argument that the actions of Cooley were not foreseeable. However, we find that those cases are distinguishable from the case sub judice. In *McCoy*, the plaintiff/victim was attacked and robbed by an unknown assailant in the parking lot of a cocktail lounge. He alleged that poor lighting in the parking lot and the absence of a security guard subjected him to an unreasonable risk of harm from a criminal assault. This court held

that the attack was not foreseeable since there was no evidence of prior substantially similar incidents occurring on defendant's property. In *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816 (386 SE2d 415) (1989), the plaintiff was shot by an unknown assailant while he was a patron at defendant's restaurant. We reversed the denial of summary judgment to the defendant, finding that no "substantially similar" incidents had occurred. In a recent case, *Savannah College of Art &c. v. Roe*, 261 Ga. 764 (409 SE2d 848) (1991), the plaintiffs were sexually assaulted by an unknown assailant while living in a college dormitory. The Supreme Court held that the college was entitled to summary judgment because of the lack of evidence that prior substantially similar criminal attacks had previously occurred at the college.

Appellee did not receive his injuries as the result of an isolated criminal attack by an unknown assailant. He suffered his injuries as the result of an argument which turned into a violent fight. We find this to be a material distinction between the case sub judice and the cases cited by appellants. To focus on the instrumentality which caused appellee's injuries rather than the circumstances which set into motion the chain of events leading to the attack on appellee would require us to treat Cooley's attack on appellee as an isolated criminal attack rather than the extension of an uncontained, uninterrupted fight. That Cooley chose to run over appellee with a truck rather than utilizing another means of inflicting injury does not alter the result. There was evidence that prior fights had occurred both inside and outside appellants' club, and it is certainly foreseeable that any fight which continues unchecked and without interruption could escalate into a more violent encounter as the emotions of the participants intensify. Thus, we find that the proper inquiry to determine whether appellants exercised ordinary care for appellee's safety is whether there was evidence from which a jury could conclude that appellants had reasonable grounds for believing that a fight could occur in the parking lot after the nightclub closed. "The issues of a directed verdict or judgment n.o.v. are reviewed on the same basis. [Cit.]" *Stone v. Cook*, 190 Ga. App. 11, 12 (1) (378 SE2d 142) (1989). " 'A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. [Cits.]' [Cit.] 'The standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard. [Cits.]' [Cit.]" *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377 (1) (364 SE2d 62) (1987). The transcript reflects that the nightclub's security guard was hired to provide security inside and outside the nightclub; that the guard was stationed outside the front door while the club was open; that when the night-

club closed, the guard was responsible for making sure that all persons were out of the nightclub and that the doors were locked, which necessitated that he be inside the nightclub; and that fights had previously occurred both inside and outside of the nightclub. We find that there was some evidence from which a jury could have concluded that the fight which resulted in appellee's injuries was foreseeable and that the fight could have been avoided if appellants' security guard had been stationed on the outside of the nightclub until all of the patrons of the club had left the parking lot. Accordingly, we find that the trial court did not err in denying appellants' motions for directed verdict and judgment n.o.v.

2. Appellants contend in their second enumeration of error that there was no evidence that they were negligent, once they undertook to provide security on their premises. In light of our holding in Division 1, we find it unnecessary to address appellants' second enumeration of error.

3. In their third enumeration of error, appellants contend that the trial court erred in charging the jury on appellee's theory of concurrent acts of negligence and the chain reaction theory. "Where there is evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. [Cit.]" *Foskey v. Williams Bros. Trucking Co.*, 197 Ga. App. 715, 717 (3) (399 SE2d 484) (1990). There was some evidence that Cooley's actions may have been grossly negligent due to his intoxicated state and that his action, combined with the actions of appellants, caused appellee's injuries. Therefore, appellants' third enumeration of error is without merit.

4. Appellants contend in their fourth enumeration of error that the trial court erred in charging the jury that a landowner was required to keep its premises safe and that such was a nondelegable duty. The trial court's charge was a correct statement of the law (see *Parking Co. of America v. Sucan*, 195 Ga. App. 616 (1) (394 SE2d 411) (1990)), and we find no error with the giving of that charge.

5. Appellants also contend that the trial court's charge on sudden emergency was not authorized by the evidence. We agree but find no basis for reversal. " 'A "charge touching on a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. [Cit.]" [Cit.]' [Cit.]" *Mullinax v. Doughtie*, 196 Ga. App. 747, 750 (6) (396 SE2d 919) (1990). Upon review of the entire record, we find that it is unlikely that the court's charge on sudden emergency misled the jury or affected the verdict. Therefore, a reversal is not required.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 26, 1991 —
RECONSIDERATION DENIED DECEMBER 11, 1991 —

*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Stephanie L. Scheier*, for appellants.
*Cashin, Morton & Mullins, Raymond C. Mayer, Noel B. McDevitt, Jr.*, for appellee.