## A91A1408. KNUDSON v. LENNY'S, INC.
### (413 SE2d 258)

COOPER, Judge.

This is an appeal from the trial court's grant of summary judgment to appellee.

Appellant, his wife and his wife's friend went to a bar and night club owned by appellee. In the early morning hours, appellant got into an argument with his wife, whereupon she walked out of the bar, passing two other customers who were standing in an area on the way to the exit. Appellant states that the customers smiled and said something to his wife as she walked by but his wife continued out the door. Appellant followed his wife and brushed against one of the customers on his way out of the bar. According to appellant, that customer turned around and shouted obscenities to appellant at which point appellant turned back around, took a step back and told him to watch his mouth. Appellant stated that as he was preparing to continue following his wife, the customer struck him in the face with either a bottle or a bar glass. Appellant estimated that five seconds elapsed between the time the customer yelled and the time appellant was hit. The customer who struck appellant, Eric Scoggins ("Scoggins"), stated that appellant brushed up against him as appellant walked to the exit, and Scoggins asked appellant if he were in a hurry. According to Scoggins, appellant then asked Scoggins if there was a problem and pushed Scoggins' chest with his hands. Scoggins stated that he responded by striking appellant with the glass. Immediately after the incident, Scoggins and appellant were separated by another customer and an employee of appellee. Appellee's employees then called the police. Scoggins had not created any disturbance prior to the fight with appellant.

The general manager of the bar, whose wife was the sole owner of appellee, testified that he had established his own policy in the bar of prohibiting persons under age 21 from being present without a parent or guardian after 9:00 p.m. The owner stated that this policy did not stem from any prior problems with boisterous teenagers, but the policy was instituted because he was attempting to create an adult environment in his club and kids under 21 did not need to be in an adult environment. The owner also indicated that an underage person may

want to take drinks that did not belong to them, and the owner did not want to police the underage group for this problem. The owner stated that he employed people to stand at the door and an off-duty policeman to monitor any arguments that arose, to insure that situations did not get out of hand and to resolve problems as quickly as possible. Several people testified that Scoggins appeared to be in his early to mid twenties. The police report from the night of the incident lists him as being 22 years old; however, Scoggins was in fact 20 years old when the incident occurred. Appellant, who suffered severe lacerations to his face, sued appellee for negligence on the grounds that appellee failed to keep its premises safe and failed to protect its invitees. The trial court, after considering the record, granted appellee's motion for summary judgment, concluding that there was no causative link between the acts of negligence alleged by appellant and appellant's injuries. Appellant appeals and alleges in two enumerations of error that there are genuine issues of fact as to whether appellee had a duty of care to appellant, whether appellee negligently performed that duty and whether appellee's negligence was the proximate cause of appellant's injuries.

Appellant argues strenuously that appellee is liable because appellee undertook to exclude minors from the club and appellee's negligent performance of that duty was a proximate cause of appellant's injuries. Although we render no opinion as to appellee's alleged negligence in performing this duty, we nevertheless conclude that if such negligence did occur, it was not the cause of appellant's injuries. " 'It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury.' [Cit.]" *Levangie v. Dunn*, 182 Ga. App. 439 (1) (356 SE2d 88) (1987). Therefore, " 'an injured person seeking to impose liability upon another for the negligent performance of a voluntary undertaking must show either detrimental reliance or an increased risk of harm. . . .' [Cit.]" *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816 (2) (386 SE2d 415) (1989). Appellee's general manager testified that his policy of excluding minors was not created in contemplation of acts as occurred in this case or any similar acts. Simply enacting such a policy does not render appellant's injury foreseeable to appellee. Appellant argues that because fights and arguments in general are predictable in a drinking establishment, then the issue of foreseeability in this particular case should become a jury question. We disagree. There is no evidence indicating that appellee or its employees were aware, or should have been aware, that Scoggins may react as he did. Nor is there any evidence that appellee or its employees were aware,

or should have been aware, of any propensity of persons under age 21 to react as Scoggins did. In addition, appellant "has not alleged that he was aware of or acted in reliance upon any undertaking by the [appellee] to [exclude persons under 21 after 9:00 p.m.], nor has he alleged that the [appellee's] efforts in this regard increased the risk that an assault might occur." *Grandma's Biscuits*, supra at 818. Since Scoggins' actions were not foreseeable to appellee, and since those actions intervened between the alleged negligent act of appellee and the injury to appellant, the element of proximate cause is not present. Although foreseeability is typically a question for the jury, the instant case is an exception in that the evidence is "plain, palpable and undisputable." *Levangie*, supra at 441.

Appellant next contends that appellee is liable for negligently performing his duty to provide security for its patrons. We find that the evidence is clear and indisputable that no negligence occurred. All the testimony confirms that appellee's employees came to the scene of the fight immediately and promptly deescalated the tensions, cared for the parties and called the police. Appellant testified that only five seconds elapsed from the time Scoggins shouted to them to the time he was hit. Appellant presents no evidence to show that appellee could have prevented the incident from occurring with a different security system in place. "A landowner does not become an insurer of safety by taking some security precautions on behalf of invitees. Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required." *Lau's Corp. v. Haskins*, 261 Ga. 491 (3) (405 SE2d 474) (1991). Contrary to the cases cited by appellant, there has been no evidence presented in this case to show that appellee failed to provide adequate security or that any such failure resulted in appellant's injuries.

Appellant cites no authority or evidence to support his argument that appellee is negligent because appellee's employees were serving appellant drinks, thereby placing him in a more vulnerable position to attack. We decline to adopt appellant's argument.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 26, 1991.

*Bauer, Deitch & Raines, Gilbert H. Deitch, George R. Ference,* for appellant.

*Duncan & Mangiafico, Edgar S. Mangiafico, Jr., Leslie P. Becknell,* for appellee.