William F. BURNETT, Hettie B. Burnett, and Patricia Lynn Burnett, Plaintiffs,

v.

STAGNER HOTEL COURTS, INC. d/b/a Holiday Inn Northwest, Defendant.

Civ. No. 1:91–cv–2595–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

March 19, 1993.

Michael K. Mixon, Middleton & Mixon, Savannah, GA, Clinton W. Sitton, Lynda G. Wilson, Middleton & Anderson, Atlanta, GA, Richard T. Phillips, Smith, Phillips, & Mitchell, Batesville, MS, for plaintiffs.

Kent Taylor Stair, Robert Walker Browning, Webb, Carlock, Copeland, Semler & Stair, Atlanta, GA, for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on Defendant's Motion to Quash Subpoena [19], Defendant's Motion for Summary Judgment [24], and Defendant's Motion to Strike [38]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the motion for summary judgment should be granted.

## BACKGROUND

Plaintiffs, William F. Burnett, Hettie B. Burnett, and their adult daughter Patricia Lynn Burnett, are residents of Batesville, Mississippi. (Compl. ¶ 1). Plaintiffs traveled to Atlanta, Georgia on June 8, 1990. Plaintiffs checked into the Days Inn motel on Cleveland Avenue and I–75, but subsequently checked out of the motel because they felt unsafe. (Br. in Opp'n to Mot. for Summ.J. at 1). Plaintiffs then drove to the intersection of I–75 and Howell Mill Road and decided to stay at Defendant's hotel, the Holiday Inn Northwest. (*Id.* at 1–2). Lynn Burnett checked the family into the hotel shortly after midnight and the family drove to what they thought was the nearest available parking location to their room, parking at the back corner of the premises. (*Id.* at 2). Plaintiffs carried their luggage across the parking lot, up the stairs, and down a hallway to their room. (*Id.*). Plaintiffs entered the room, leaving the luggage outside the door and the door slightly open. (*Id.*). As Mr. Burnett was returning to the door to

retrieve the luggage, three armed men pushed the door open and knocked Mr. Burnett to the floor. (*Id.*). The armed individuals proceeded to rob Plaintiffs of their belongings, including their luggage, Mr. Burnett's wallet, and Mrs. Burnett's purse. (*Id.*).

Plaintiffs brought this action against Defendant, alleging (1) negligence (*i.e.,* failure to provide adequate security and failure to warn of a dangerous condition on the premises), (Compl. ¶¶ 10–13), (2) breach of contract, (*Id.* ¶¶ 14–17), and (3) the loss of consortium Mr. and Mrs. Burnett have experienced since the incident, (*Id.* ¶¶ 18–23). Defendant has moved for summary judgment on all claims.

## DISCUSSION

### A. *The Summary Judgment Standard*

■ Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

■ Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure *mandates* the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders

all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552.

■ The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323, 106 S.Ct. at 2552. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely " 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleading" and present competent designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510 (1986).

### B. *Plaintiff's Breach of Contract Claim*

Plaintiffs allege that Defendant breached its contract with Plaintiffs by providing unsafe accommodations and failing to take reasonable security precautions. (Compl. ¶¶ 15, 16). Plaintiffs do not explicitly state in their Complaint how a contract between the parties came into existence. In their Response to the Motion for Summary Judgment, however, Plaintiffs indicate that an implied contract to provide safe lodging arose when Defendant accepted Plaintiffs' money. (Br. in Opp'n to Def.'s Mot. for Summ.J. at 21). Plaintiffs cite no authority for this proposition.

■ In similar factual situations, the Georgia courts have observed that "[t]he concept of a contract requires that the minds of the parties shall meet and accord at the same time, upon the same subject matter, and in the same sense. In the absence of this meeting of the minds, there is no special contractual provision[ ] between the alleged con-

tracting parties." *Donaldson v. Olympic Health Spa, Inc.*, 175 Ga.App. 258, 259, 333 S.E.2d 98 (1985); *see also Savannah College of Art & Design, Inc. v. Roe*, 261 Ga. 764, 409 S.E.2d 848 (1991). In the absence of a plain and explicit expression of willingness to protect another from the criminal acts of third parties, Georgia courts have refused to imply such a contractual obligation even when there has been a written agreement between the parties that made some security provisions. *See Savannah College*, 261 Ga. at 765, 409 S.E.2d 848; *Donaldson*, 175 Ga.App. at 259, 333 S.E.2d 98. In the present case, Plaintiffs have produced no evidence of a written or oral agreement to provide security. Accordingly, the Court concludes that Plaintiffs have failed to make a showing sufficient to establish the existence of an element essential to their breach of contract claim (the existence of a contract) on which they will bear the burden of proof at trial. As a result, summary judgment is appropriate as to this claim.

### C. *Plaintiff's Negligence Claim*

■ To prove negligence, Plaintiffs must establish the four standard elements of a negligence claim (duty, breach, causation, and injury). *Lau's Corp. v. Haskins*, 261 Ga. 491, 492, 405 S.E.2d 474 (1991). Defendant asserts that Plaintiffs have not established any of the four elements.

#### 1. *Duty*

■ Under Georgia law, an innkeeper has a duty to keep his premises in a "reasonably safe condition" and is liable to any person injured by breach of this duty.[1] As a general rule, however, an innkeeper, even if negligent, is not liable for injury proximately caused by the criminal actions of third parties. *Savannah College*, 261 Ga. at 765, 409 S.E.2d 848. An exception to the general rule exists, however, when the host has reasonable grounds to believe that a particular criminal act is likely to occur. *Id.* When an innkeeper is aware of such an unreasonable

risk of criminal attack, he has a duty to exercise ordinary care to protect his patrons against the risk of the particular type of criminal attack. *Id.* n. 2.

■ In an action to recover for injuries inflicted by criminal acts of third parties, the plaintiff has the burden of proving that the host was placed on notice of the danger by prior substantially similar incidents. *Donaldson*, 175 Ga.App. at 261, 333 S.E.2d 98; *McCoy v. Gay*, 165 Ga.App. 590, 591, 302 S.E.2d 130 (1983). Absent such proof, the exception to the general rule does not apply and the host is not liable for injuries caused by criminal acts. *Savannah College*, 261 Ga. at 765, 409 S.E.2d 848.

Plaintiffs allege that Defendant had a duty to both warn them of the high incidence of crime on the premises and provide adequate security. (Compl. ¶ 11). As an initial matter, the part of Plaintiffs' claim alleging a failure to warn fails as a matter of law, as the Georgia Supreme Court has held that there is no duty under Georgia law to warn of a high generalized risk of crime. *Lau's Corp.*, 261 Ga. at 493, 405 S.E.2d 474. Moreover, the heightened duty to provide security against the criminal acts of third parties arose only if Defendant was placed on notice of the danger by prior substantially similar incidents. Accordingly, the threshold question is whether Plaintiffs have shown that Defendant had a duty to protect them from the type of criminal act that occurred (*i.e.*, whether they have shown that Defendant was placed on notice by prior substantially similar crimes). If not, Defendant is entitled to judgment as a matter of law. If Plaintiffs have made such a showing, the Court must then proceed to determine whether Defendant breached its duty by failing to take reasonable steps to protect against injury and, if not, whether this breach caused Plaintiffs' injuries.

■ Plaintiffs attempt to meet their burden of showing prior substantially similar

---

1. The Georgia code provides:
     Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.
  Ga.Code Ann § 51-3-1 (Michie 1982).

incidents in two ways. First, Plaintiffs provided a list of crimes that occurred at the Holiday Inn Northwest between 1985 and 1990 (Pls.' Br. in Opp'n to Mot. for Summ. J.Ex. A). In order for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. 10A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2722, at 58–60. See also Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir. 1980); Macklin v. Butler, 553 F.2d 525, 528 (7th Cir.1977).[2] Plaintiffs' Exhibit A is not attached to an affidavit, is not certified, nor is there any indication of the source of the information. Accordingly, the list is not competent evidence and the Court cannot consider it on a motion for summary judgment.

Plaintiffs also attempt to meet their burden by providing affidavits of several victims of prior crimes at the premises. These prior crimes can be broken down as follows: one incident in which property was stolen from a room while the victim was not in the room, (White Aff. (Ex. E)), four thefts from rooms while the victims were in the rooms, (Karrer Aff. (Ex. D); Radford Aff. (Ex. F); Klein

Aff. (Ex. G)),[3] and two robberies from guests while in their rooms, one of which involved a weapon, (Abrams Aff. (Ex. J)), and one of which included an assault on the victim, (Hite Aff. (Ex. C)). One of the two robberies (Abrams) occurred over four years prior to the Plaintiffs' robbery and the other (Hite) occurred nearly three years prior.

■ In order to be "substantially similar," Georgia law requires that the circumstance surrounding the prior incidents be sufficiently similar "to attract the owner's attention to the alleged dangerous condition which resulted in the litigated incident." Grandma's Biscuits, Inc. v. Baisden, 192 Ga.App. 816, 817, 386 S.E.2d 415 (1989). Under Georgia caselaw, the crimes must (1) occur at comparable locations,[4] (2) occur under similar physical circumstances and conditions,[5] (3) be of a similar type,[6] and (4) not be too remote in time.[7]

Judged by this standard, the Court concludes that none of the prior criminal incidents cited by Plaintiffs are sufficiently similar to their assault/robbery to have placed Defendant on notice that reasonable grounds existed to believe that this particular criminal act was likely to occur. Only two of the incidents involved the threatened or actual

2. Uncertified or otherwise inadmissible documents may be considered by the Court if not challenged. 10A WRIGHT & MILLER § 2722, at 60. However, in this case Defendant has challenged Exhibit A. (Def.'s Reply at 2).

3. None of these incidents involved the use of or threatened use of force by the perpetrator; most occurred while the victims were sleeping.

4. For example, a robbery at the front desk is not similar to one in a guest room, Washington Road Properties, Inc. v. Stark, 178 Ga.App. 180, 181, 342 S.E.2d 327 (1986), and incidents occurring in the parking lot are not similar to those that occur at other locations on the premises, McCoy, 165 Ga.App. at 592, 302 S.E.2d 130.

5. A Georgia court has rejected as dissimilar evidence of a prior shooting in the same parking lot in which a subsequent shooting occurred when there was no showing that the lot was similarly lighted or patrolled. McCoy, 165 Ga.App. at 593, 302 S.E.2d 130.

6. The following have been found dissimilar: an incident involving sexual assault and incidents

involving "peeping Toms," vagrants, intoxicated persons, and petty thefts, Savannah College, 261 Ga. at 765, 409 S.E.2d 848; incidents not involving a shooting and one that did involve a shooting, Grandma's Biscuits, 192 Ga.App. at 817, 386 S.E.2d 415; prior incidents involving theft from vehicles in a parking lot and an assault/rape in the same parking lot, Tolbert v. Captain Joe's Seafood, 170 Ga.App. 26, 28, 316 S.E.2d 11 (1984).

7. Georgia courts have held that the prior incident must have occurred in the "recent past," Donaldson, 175 Ga.App. at 261, 333 S.E.2d 98, and observed that prior crimes occurring two years before the crime in question are "too remote in time to cast on defendant a reasonable apprehension of a criminal act on a guest …" Nalle v. Quality Inn, Inc., 183 Ga.App. 119, 122, 358 S.E.2d 281 (1987) (Beasley, J., concurring); cf. Lau's Corp., 261 Ga. at 492–93, 405 S.E.2d 474 (proprietor's knowledge that his business was in high crime area coupled with knowledge that similar purse snatching had occurred in the same parking lot four days before was "weak" evidence that the proprietor had duty to protect patrons against the risk of criminal attack).

use of force to take the victim's property, and these incidents occurred well over two years prior to the facts of this case. Accordingly, it appears that these prior crimes are too remote as a matter of law to have placed Defendant on notice. *Nalle v. Quality Inn, Inc.*, 183 Ga.App. at 122, 358 S.E.2d 281. Moreover, Plaintiffs have made no showing that any dangerous condition (such as poor lighting or the presence of concealed hiding places near the premises) was present in both these previous incidents and the present case.

■ All of the remaining affidavits describe crimes and surrounding circumstances that appear to the Court to be quite different from the crime and circumstances present in this case. In each case, the victim's property was stolen by means of stealth or trickery rather than direct confrontation, and in none of the incidents is there evidence that the perpetrator was armed. In three of the four cases, the thief apparently used a key to enter the rooms, as there was no evidence of forced entry.[8] Also, Plaintiffs again have not shown that any of these prior incidents occurred under similar physical circumstances or conditions. For instance, Plaintiffs have not shown that the prior incidents occurred at the same part of the premises or that poor lighting, poor parking arrangements or the presence of only one security guard (all of which allegedly constituted dangerous conditions in the present case) played a role in these prior incidents. *Cf. Burdine v. Linquist*, 177 Ga.App. 545, 546, 340 S.E.2d 198 (1986) (evidence of burglary two weeks prior admissible when was showing that both incidents involved poor lighting). Accordingly, the Court concludes that Plaintiffs have not shown that there were prior crimes that were so "substantially similar" to the circumstances of their case as "to attract the owner's attention to the alleged dangerous condition which resulted in the litigated incident." Because Plaintiffs have failed to make a showing sufficient to establish the existence of an element essential to their case on which they will bear the burden of proof at trial (the existence of a duty by Defendant), sum-mary judgment is appropriate on their negligence claim.

### 2. *Breach/Causation*

■ Additionally, the Court concludes that even if Plaintiffs had succeeded in showing that Defendant had a duty to protect them from criminal assault, summary judgment would still be appropriate as Plaintiffs have not provided any evidence that Defendant breached this duty or that such a breach was the proximate cause of their injuries. In order to show a breach of the duty to protect patrons against criminal attack, Plaintiffs would have to show that Defendant's conduct was "unreasonable in light of the recognizable risk of harm." *Lau's Corp.*, 261 Ga. at 493, 405 S.E.2d 474. Plaintiffs have cited a number of additional security measures that Defendant could have taken, such as employing a second security guard, arming its security guard, or installing alarms. (Br. in Opp'n to Mot. for Summ.J. at 15–18). However, "[i]t is immaterial that additional security measures might have been undertaken by [Defendants]." *Shell Oil Co. v. Diehl*, 205 Ga.App. 367, 368, 422 S.E.2d 63 (1992). What is material is that Plaintiffs have not provided any evidence that shows that the security measures taken by Defendant (employing one security guard who split his time between the lobby and the remainder of the premises) were not reasonable. *Id.*

■ Moreover, even if Plaintiffs had shown duty and breach, they have not produced any evidence that would show that any negligence by Defendant proximately caused their injuries. Under Georgia law, "[i]f an injury would have occurred notwithstanding the alleged acts of negligence on the part of the defendant, there could be no recovery ...." *Housing Auth. of Atlanta v. Famble*, 170 Ga.App. 509, 523, 317 S.E.2d 853 (1984) (quoting *Western & Atlantic R.R. v. Frazier*, 66 Ga.App. 275, 18 S.E.2d 45 (1941)); *see also Knudson v. Lenny's, Inc.*, 202 Ga.App. 85, 87, 413 S.E.2d 258 (1991) (summary judg-

---

**8.** It appears to the Court that the "dangerous condition" present in these cases was a result of poor key control by Defendant (*i.e.*, the presence of master or room keys in the wrong persons' hands)—a condition that was not involved in this case.

ment appropriate when plaintiff "presents no evidence to show that [defendant] could have prevented the incident from occurring with a different security system in place"). Plaintiffs simply have not produced any evidence that would show that Defendant, by exercise of ordinary care, could have prevented a sudden, unexpected, brief assault and robbery by three armed individuals. *See Knudson*, 202 Ga.App. at 85, 413 S.E.2d 258 (incident that started without warning and lasted only five seconds did not provide enough time for defendant to respond); *Cooper v. Baldwin County School Dist.*, 193 Ga.App. 13, 15 (1989) (unexpected violent episode that lasted only two or three minutes did not provide sufficient time for defendant to prevent plaintiff's injuries). Rather, the Court concludes that Plaintiffs were the victims of a "sudden and unprovoked criminal attack which the evidence shows was an independent, illegal act perpetrated unexpectedly and without warning by a third party," thus insulating Defendant from liability. *Donaldson*, 175 Ga.App. at 261, 333 S.E.2d 98.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [24] is **GRANTED.** Defendant's Motion to Quash Subpoena [19] and Defendant's Motion to Strike [38] are **DENIED AS MOOT.**

SO ORDERED.