A93A2073. COLLINS v. SHEPHERD.
(441 SE2d 458)

COOPER, Judge.

Plaintiff brought an action against defendant, a nightclub owner, as a result of injuries her daughter received during a fight at the nightclub. The trial court granted defendant's motion for summary judgment, and plaintiff appeals.

"To prevail at summary judgment under OCGA § 9-11-56, the

moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The record reveals that Angela Brown, a 17-year-old, went to the Whiskey River nightclub accompanied by a 26-year-old male friend. Although the nightclub employed a person to check the identification of persons entering the nightclub, Brown's identification was not checked. Upon entering the nightclub, Brown drank several beers, before going to the ladies rest room. While she was in the rest room, Brown was confronted by a woman who apparently mistook Brown for someone else. A fight broke out in the rest room between the woman and Brown, which continued outside the rest room. During the fight, Brown was hit on the head with a beer bottle by a friend of the woman Brown was fighting. The nightclub employed an off-duty police officer as a security guard, but at the time of the fight, the guard was in the men's rest room. However, after hearing the altercation, the guard responded to the fight and separated the fighting women. Brown and the other woman were subsequently arrested and charged with disorderly conduct.

1. Plaintiff first contends that summary judgment should not have been granted because a genuine issue of material fact exists as to whether defendant breached its duty to keep the premises safe. "A proprietor's duty to invitees is to 'exercise ordinary care in keeping the premises and approaches safe.' OCGA § 51-3-1. The proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. If the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' " (Citations omitted.) *Lau's Corp. v. Haskins*, supra at 492. The owner of the nightclub testified in his deposition that fights occurred at the nightclub approximately once per month and that over two years prior to the Brown incident, he was involved in a fight in which someone was struck in the head with a pool stick. He also testified that he was not aware of any fights which resulted in injuries to anyone or any fights involving the use of beer bottles. Plaintiff also submitted the affidavit of Brown's brother who stated therein that he had personally ob-

served fist fights at the nightclub and at least one fight which involved the use of beer bottles or other weapons. Defendant, citing *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130) (1983), argues that the prior incidents were not so "substantially similar" as to put defendant on notice of a danger to Brown. We disagree with defendant and find that the plaintiff's evidence was "sufficient to give rise to a triable issue as to whether [defendant] had a duty to exercise ordinary care to guard [its] patrons against the risk posed by criminal activity." *Lau's Corp. v. Haskins*, supra at 493.

2. However, summary judgment for defendant was proper if there was no issue of fact regarding whether defendant exercised ordinary care. Plaintiff argues that a genuine issue of fact exists as to whether defendant breached its duty by failing to provide adequate security. Defendant employed an off-duty police officer as a security guard in the club. While plaintiff argues that there should have been more than one security guard in a club the size of Whiskey River, there is no evidence that the security measures taken by defendant were inadequate. The security guard and other personnel of defendant responded to and broke up the fight as soon as they became aware of it. "[Plaintiff] presents no evidence to show that [defendant] could have prevented the incident from occurring with a different security system in place. 'A landowner does not become an insurer of safety by taking some security precautions on behalf of invitees. Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required.' " (Citation omitted.) *Knudson v. Lenny's, Inc.*, 202 Ga. App. 85, 87 (413 SE2d 258) (1991).

Nor do we find any merit to plaintiff's argument that defendant had a "heightened" duty of care because Brown was a minor. Defendant had a procedure established to exclude minors from the nightclub, although it apparently failed when Brown was admitted. "Although we render no opinion as to [defendant's] alleged negligence in performing this duty, we nevertheless conclude that if such negligence did occur, it was not the cause of [Brown's] injuries." *Knudson*, supra at 86. Plaintiff having failed to present some evidence that defendant's security was inadequate or that any such inadequacy was the proximate cause of her injuries, summary judgment was properly granted to defendant. See *Knudson*, supra.

*Judgment affirmed. Smith, J., concurs. Beasley, P. J., concurs in judgment only.*

DECIDED FEBRUARY 14, 1994.

*Dozier, Akin, Lee & Graham, Neal B. Graham*, for appellant.
*Gorby & Reeves, Michael J. Gorby, Amanda H. Burri, Martha D.*

*Turner*, for appellee.