### A95A1438. W. D. ENTERPRISES, INC. v. BARTON.
#### (463 SE2d 529)

SMITH, Judge.

This case arose following an altercation between appellee Don Barton and William Anderson while both were patrons at a restaurant and bar known as the "Three Dollar Cafe" in the Buckhead area of Atlanta. Barton sued both Anderson and Three Dollar Cafe but settled with and dismissed Anderson prior to trial. Three Dollar Cafe filed a motion for summary judgment which was denied by the trial court. The case was heard by a jury, which returned a verdict in Barton's favor against Three Dollar Cafe. Three Dollar Cafe appeals, contending the trial court erroneously denied its motion for directed verdict.

The evidence, construed in Barton's favor, shows that Barton and several friends went to Three Dollar Cafe on August 3, 1991, a Saturday night, and sat at a table on the crowded deck of the restaurant. They noticed a group at a nearby table, whom they described as "loud," "rowdy," "joking," and "wasted." Members of the other group, which included Anderson, were yelling and "having a good time." Barton testified he mentioned to the waitress that the other group was "out of hand" after one of its loud outbursts. The waitress allegedly called the other group "jerks." People at Anderson's table were arm wrestling, chanting, and pounding on the table. Barton testified the members of the other group were not arguing but were joking with one another.

At one point during the short time between Barton's arrival and the altercation, Barton saw a member of Anderson's group walk quickly across the deck, "butt" through people with his chest, and pick up a chair. He brought the chair back to his table, and as he was putting it down, he nudged another patron. When the patron turned to look behind him, it appeared to Barton that Anderson intimidated the patron and said to him "don't say another word." Although Barton suspected a fight was about to begin, he did not see any employee of Three Dollar Cafe observe the incident, and he did not report the incident to any employee.

When the actual altercation between Anderson and Barton occurred, Barton heard a loud crash, and his friend, Tom Bossott,

turned to look at the source of the crash. Immediately after Bossott turned, Anderson rushed toward him "like a linebacker" and knocked Bossott to the ground, yelling "what are you looking at?" Barton stood up and Anderson struck him, knocking him to the ground and injuring him. Barton, as well as his friends, acknowledged that the altercation was "sudden," "shocking," "unprovoked," "out of the blue," and an "unanticipated, sudden eruption of violence." Barton had no knowledge of a propensity by Anderson to act recklessly and did not feel physically threatened by him. Bossott similarly testified he did not feel threatened.

The waitress who served Anderson's party testified that after she took their order, she informed two of the managers that Anderson's group appeared to be intoxicated. After talking with the group, one of the managers told her to serve them food and non-alcoholic drinks. Anderson's party was not served any alcohol. The waitress testified she heard Anderson yell, "What the h____ are you looking at?" and that "in a matter of seconds" he ran to Barton's table and hit him. During the approximately 15 minutes between the time she took their order and the altercation, nothing had happened to cause the waitress to report that Anderson or the members of his group had been aggressive or threatening.

A proprietor is not liable for injuries to an invitee caused by unforeseeable, "remote or unusual events" such as the intervening acts of a third party. *Levangie v. Dunn*, 182 Ga. App. 439, 440 (1) (356 SE2d 88) (1987). A proprietor having "no notice of dangerous conduct on the part of customers or third persons on the occasion in question . . . cannot be held liable for injuries to an invitee resulting from that conduct." *Belk-Hudson Co. v. Davis*, 132 Ga. App. 237, 238 (3) (207 SE2d 528) (1974).

Although Anderson's table was loud, boisterous, and perhaps even rude to the waitress, Barton introduced no evidence that any employee had notice that Anderson would attack another patron. No evidence was shown of animosity between Barton's group and Anderson's group, as in *Confetti Atlanta, Ltd. v. Gray*, 202 Ga. App. 241 (414 SE2d 265) (1991), that would have given Three Dollar Cafe personnel reason to anticipate a possible altercation between the two parties. Unlike the facts in *Good Ol' Days Downtown v. Yancey*, 209 Ga. App. 696 (434 SE2d 740) (1993), no evidence was presented that an employee had time to react to Anderson's outburst before he attacked Bossott and Barton. The waitress who testified stated she saw no signs of abusive behavior by any member of Anderson's group before the altercation. Although some testimony was given that Anderson "had words" with another customer earlier, Barton presented no evidence that Three Dollar Cafe personnel were aware of this incident. Barton himself noticed the loud group and heard several loud

noises but did not feel threatened by Anderson and noticed no "dangerous propensity" on Anderson's part. Barton simply did not introduce evidence that Three Dollar Cafe had notice of any aggressive behavior on Anderson's part.

The fact that the incident occurred at a drinking establishment did not make the incident somehow "foreseeable." *Knudson v. Lenny's, Inc.*, 202 Ga. App. 85, 86 (413 SE2d 258) (1991). First, Three Dollar Cafe personnel did not serve alcohol to Anderson. More importantly, there was no evidence that Three Dollar Cafe personnel were aware or should have been aware that Anderson might react with violence to Bossott and then to Barton after Bossott looked at him. Id. at 86.

Further, it may not be inferred from Three Dollar Cafe's adoption of a policy to train employees to identify and manage intoxicated patrons and its refusal to serve alcohol to Anderson's group that Three Dollar Cafe had notice that Anderson might attack another patron. See *Knudson* at 86. In fact, the waitress had been trained to identify intoxicated patrons and their behaviors, but she saw no aggressive behavior on the part of Anderson prior to the altercation.

"It is not error to direct a verdict if the evidence and all reasonable deductions therefrom, considered in the light most favorable to the respondent to the motion, demands the verdict and fails to disclose any material issue for jury resolution." (Citations and punctuation omitted.) *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 600 (431 SE2d 383) (1993). Negligence cannot be presumed but must be proved. Id. Construing the evidence in Barton's favor, the evidence presented on Barton's behalf demanded a verdict in favor of Three Dollar Cafe. While foreseeability as an element of negligence usually is a jury question, the evidence in this case was "plain, palpable, and undisputable" that Three Dollar Cafe had no notice of Anderson's aggressive behavior. See *Levangie, Knudson,* supra. Consequently, the trial court should have granted Three Dollar Cafe's motion for directed verdict. Three Dollar Cafe's other enumerations are moot.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 27, 1995 — 

*Sullivan, Hall, Booth & Smith, John E. Hall, Jr., T. Andrew Graham*, for appellant.

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., F. Robert Slotkin, Jr.*, for appellee.