A00A0357. HUNTER v. CABE GROUP, INC.

(535 SE2d 248)

ANDREWS, Presiding Judge.

Tony Hunter, injured when he was attacked by another patron at Jeffrey's Sports Bar & Grill (Jeffrey's), appeals from the summary judgment entered in favor of Cabe Group, Inc., the owner of the facility, on his premises liability claim.

> The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). Further, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

*Clark v. Cauthen*, 239 Ga. App. 226, 227 (1) (520 SE2d 477) (1999).

So viewed, the evidence was that Hunter and his wife went to Jeffrey's on Thursday, December 4, 1997, around 8:00 p.m. for dinner. They were joined by Mr. and Mrs. Wallace, Todd Nash, and Rusty (last name unknown), a friend of Nash. Hunter described Jeffrey's, where he had been before, as "like an Applebee's or a Chili's or what have you."

Jeffrey's has a sports motif, and immediately behind Hunter's table was a boxing ring containing several tables. At one of these tables were Parrish and his friend Benton, who arrived around 9:00 p.m. and were consuming a pitcher of beer. During dinner, Parrish went to the restroom and there encountered a mutual friend who told Parrish that Nash was in the restaurant. Although Parrish did not know Nash, he knew "of him" because Nash had previously dated the woman Parrish was then seeing. Parrish did not care for the way Nash had treated the woman previously. Parrish asked a man he did not know to ask Nash to come talk to him. Nash went to Parrish's table, briefly spoke to Parrish, and then returned to his table where the rest of his party, including Hunter, were still eating.

Hunter recalled that Nash left Parrish's table with Parrish fol-

lowing him and saying, "I'm not done talking to you." Nash replied that he was not talking to Parrish anymore. Hunter described Parrish as irate, mad, and loud. Nash was attempting to sit down when Hunter walked up to Parrish and asked him to leave. As Hunter said, "the next thing I remember is just being pummeled." Asked how long the incident took, Hunter said that "[f]rom the time I got up from the table, not even 15 seconds that I could remember when it started." Hunter suffered a broken nose in the fracas, and all of them were asked to leave the restaurant by two male Jeffrey's employees.

Jeffrey Cabe, whose company operated Jeffrey's, testified that the sports bar opened in August 1997 and had a two-week training program for employees, including training them to watch how much alcohol a patron is served. Jeffrey's draws a mixed crowd, including families, lawyers, doctors, and blue collar workers. On weekends and when a major event occurs, Jeffrey's retains off-duty police officers, although there was no officer there the Thursday this incident occurred. Cabe was in the back when he heard the noise and went out front. He saw his employees dealing with the group and the group going out the front door. The police were called, but, in the short time it took them to arrive, the participants had left.

Hunter's complaint alleged that Parrish was intoxicated and "approached the table where [he] was seated and began a verbal altercation with Todd Nash. . . . Suddenly, and without warning, Defendant Parrish began battering [him] by striking him about the face and head with his fist."

> A proprietor's duty to invitees is to exercise ordinary care in keeping the premises and approaches safe. The proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. If the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters. (Citations and punctuation omitted.) *Lau's Corp. v. Haskins*, [supra]. See also *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507) (1995). In order to prove that the owner had advance notice of the danger of such an assault, evidence is admissible to show a pattern of prior substantially similar criminal assaults on the premises creating a known dangerous condition for which the proprietor may be held liable. (Punctuation omitted.) *Hunter v. Rouse-Atlanta, Inc.*, 211 Ga. App. 131 (1) (438 SE2d 188) (1993). Accord *Savannah College of Art &c. v. Roe*, 261 Ga. 764 (409 SE2d 848) (1991) (Proprietor's supe-

rior knowledge can be demonstrated by evidence of the occurrence of prior substantially similar incidents).

(Punctuation omitted.) *Sailors v. Esmail Intl.*, 217 Ga. App. 811, 812 (1) (459 SE2d 465) (1995).

Although Hunter argues that the affidavit of Suwanee police official Miller provides evidence of similar incidents which should have put the defendant on notice, relying on *Confetti Atlanta, Ltd. v. Gray*, 202 Ga. App. 241 (414 SE2d 265) (1991), this argument fails. The affidavit does not fulfill the requirements of OCGA § 9-11-56 (e). It consists of hearsay based on review by Miller of documents which are referred to but not attached to the affidavit and therefore lacks any probative value. *Estate of Patterson v. Fulton-DeKalb Hosp. Auth.*, 233 Ga. App. 706, 707 (1) (505 SE2d 232) (1998). Even considering the hearsay contained therein, however, the affidavit fails to show any similarity to what occurred here in any of the three events referenced.

There is no evidence here of an escalating course of conduct between the assailant and the victim which was sufficient in itself to give notice to Jeffrey's of the danger, as was present in *Confetti*, supra. Also, in *Confetti*, there was admissible evidence of numerous prior fights which had broken out in the club and parking lot.

Instead, this case is factually similar to and controlled by *W. D. Enterprises v. Barton*, 218 Ga. App. 857 (463 SE2d 529) (1995) and *Knudson v. Lenny's, Inc.*, 202 Ga. App. 85 (413 SE2d 258) (1991) (authored by Judge Cooper, who also authored *Confetti*, supra). Both those cases involved sudden and unprovoked attacks by one customer on another. That the attacker might have been loud, rowdy, and inebriated was not enough to put the proprietor on notice of an impending attack on another customer. *W. D. Enterprises*, supra.

Here, there was no evidence to show that Cabe or his employees were or should have been aware that Parrish would react as he did. Therefore, summary judgment for defendant was proper. *Knudson*, supra.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 24, 2000.

*McKenney & Froelich, David M. Kupsky*, for appellant.
*Carr, Tabb & Pope, Eric N. Van De Water, Richard M. Bayus II*, for appellee.