A08A1201. MULLIGAN'S BAR & GRILL et al. v. STANFIELD.
(668 SE2d 874)

JOHNSON, Presiding Judge.

Bruce Stanfield sustained severe facial injuries on Mulligan's Bar & Grill's premises when a beer bottle struck him in the face during a fight between two of Mulligan's other patrons. As a result of his injuries, Stanfield required approximately $40,000 worth of medical treatment, including two surgeries. Stanfield sued Mulligan's and Ray Woodcock, its owner and operator (collectively referred to as "Mulligan's"). A jury found in favor of Stanfield and awarded him $192,100. Mulligan's appeals, alleging the Georgia Dram Shop Act[1] and Georgia common law barred Stanfield's claims. We disagree and affirm.

The record shows that Stanfield's injuries occurred while he was playing pool, unaware a fight had been escalating between two other patrons for hours. The other two patrons had been problematic earlier in the evening and, before that date, both had been banished from Mulligan's for fighting. A Mulligan's employee testified that one of these patrons "would get into verbal altercations a lot, you know, after . . . drinking all night. Sometimes it would escalate. And several times he has been removed from the bar." The Mulligan's security officer testified that the other patron was "not well and he is a feared individual. . . . He starts a lot of altercations." The record further shows that Woodcock knew the bottle-throwing patron was problematic earlier on the night of the incident, and Woodcock admitted the bottle thrower should not have been in the bar because he had been banished previously for fighting.

---

[14] *Rosshirt*, supra (citation and punctuation omitted).
[1] OCGA § 51-1-40 (a).

On the night of the incident, at least five Mulligan's employees, as well as Woodcock, were aware of the bottle-throwing patron's presence at the bar and his demonstrably combative behavior beginning as early as three hours before Stanfield sustained his injury. Several Mulligan's employees testified that they believed earlier in the night that a fight would eventually break out between the bottle-throwing patron and the other patron involved in the altercation. Additional patrons at the bar testified that they were puzzled by Mulligan's failure to abate the problem and avoid the inevitable fight, especially since they had previously seen these patrons involved in fights at Mulligan's. However, despite the mounting problems between the two combative patrons, the two were not ejected from the bar before beginning the fight that injured Stanfield.

The record further establishes that prior to the night of Stanfield's injury, a Mulligan's waitress had complained to management about the insufficiency of Mulligan's security. And months before the injury, the Mulligan's security officer had advised Woodcock that security was deficient. The security officer recommended additional security personnel to make the premises safe. Mulligan's, however, not only failed to hire additional security, but its waiters and waitresses supplemented the existing security officer's pay out of their tip money to ensure that he remained on duty.

1. In its first enumeration of error, Mulligan's contends the Georgia Dram Shop Act bars Stanfield's claims, and the trial court erred in denying its motion for a directed verdict on this ground. We disagree.

Under the Act, "the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury . . . inflicted by an intoxicated person upon himself or upon another person. . . ."[2] However, despite Mulligan's attempt to transform this matter into a "liquor liability" case, it is clear from Stanfield's complaint, the consolidated pre-trial order, the second supplement to the proposed consolidated pre-trial order, and the third supplement to the proposed consolidated pre-trial order that Stanfield's case is grounded in established Georgia premises liability law. There is no evidence in the record that Stanfield ever alleged Mulligan's liability was founded upon the sale, furnishing, or service of alcohol or that his damages were the result of a person's intoxication caused by Mulligan's. Rather, Stanfield alleged and proved that Mulligan's knowingly provided an inad-

[2] Id.

equately secured premises to its patrons prior to and at the time of Stanfield's injury.

Contrary to Mulligan's argument, the Georgia Dram Shop Act was never intended to and does not pertain to premises liability claims like the one before this Court.[3] Even liquor stores and bars are required to keep their premises safe,[4] and OCGA § 51-3-1[5] irrefutably governs this matter and serves as the basis to support the jury's verdict.

A proprietor's duty to invitees is to exercise ordinary care to keep the premises safe:

> The proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. If the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters. In order to prove that the owner had advance notice of the danger of such an assault, evidence is admissible to show a pattern of prior substantially similar criminal assaults on the premises creating a known dangerous condition for which the proprietor may be held liable.[6]

The invitee is not required to show that the exact criminal act had occurred on a prior occasion; "[a]ll that is required is that the prior accident be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated [incident]."[7]

Here, there was sufficient evidence from which the jury could have concluded that the fight which resulted in Stanfield's injuries was foreseeable and could have been avoided if Mulligan's had banished the patrons involved in the fight. The evidence is undisputed that the patrons involved in the fight were chronically combative, had been banished on previous occasions, and were hostile and combative for hours before the fight during which Stanfield was injured. There is further evidence that Mulligan's security was deficient. Despite these facts, however, Mulligan's

---

[3] See *Borders v. Bd. of Trustees &c., Inc.*, 231 Ga. App. 880, 883 (2) (500 SE2d 362) (1998).

[4] See *Hunter v. Cabe Group, Inc.*, 244 Ga. App. 162, 163 (535 SE2d 248) (2000); *Confetti Atlanta, Ltd. v. Gray*, 202 Ga. App. 241, 242 (1) (414 SE2d 265) (1991).

[5] "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

[6] (Citations omitted.) *Hunter*, supra at 163.

[7] (Citation, punctuation and emphasis omitted.) *Confetti Atlanta, Ltd.*, supra at 242 (1).

allowed the combative patrons to remain on the premises for an inordinate amount of time until Stanfield's foreseeable and permanent injury occurred. The trial court did not err in denying Mulligan's motion for a directed verdict on the basis of the Georgia Dram Shop Act.

2. In a similar argument, Mulligan's asserts that the trial court erred in denying its motion for a directed verdict because Georgia common law bars Stanfield's claims. Mulligan's cites the common law rule that

> no redress exists against persons selling, giving, or furnishing intoxicating liquor, or their sureties, for resulting injuries or damages due to the acts of intoxicated persons. The common law rule holds the person who drank the liquor liable and considers the act of selling it as too remote to be a proximate cause of an injury caused by the negligent act of the purchaser of the drink.[8]

Again, however, Mulligan's ignores the fact that Stanfield's claims were premised on premises liability law and not Mulligan's act of selling, giving, or furnishing of intoxicating liquor. Thus, for the same reasons addressed in Division 1, the trial court did not err in denying Mulligan's motion for a directed verdict on this ground.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 27, 2008 — ■

*Fields, Howell, Athans & McLaughlin, Paul L. Fields, Jr., Gregory L. Mast,* for appellants.
*John A. Dow III,* for appellee.

---

[8] (Punctuation and footnotes omitted.) *Lumpkin v. Mellow Mushroom*, 256 Ga. App. 83, 85 (567 SE2d 728) (2002).