A92A0423. WINN-DIXIE STORES, INC. v. NICHOLS.
(422 SE2d 209)

SOGNIER, Chief Judge.

Shirlee Ann Nichols brought suit against Winn-Dixie Stores, Inc. seeking damages arising out of an incident in which her wallet was allegedly stolen while she was shopping at a Winn-Dixie grocery store. The trial court denied Winn-Dixie's motion for summary judgment, and we granted its application for interlocutory appeal.

In her deposition, appellee testified that she had left her gray wallet in a half-open zippered compartment in her shoulder bag while shopping at appellant's grocery store in Valdosta. She set the purse in the upper section of her push cart, leaving the shoulder strap on her shoulder. She deposed that while she was shopping, a woman engaged her in conversation. As they talked, appellee "felt a tug" on her purse and cart, which were on her right, and when she turned she saw a man walking away from her to her right. She deposed she noticed immediately that her wallet was no longer in her purse. Nancie Pedrick, a friend who was shopping with appellee that day, deposed that she entered the aisle from appellee's right when the man was only a few yards past appellee's cart and that she saw the man adjusting a gray wallet that protruded a few inches above the top of his trousers. Appellee and Pedrick concluded that the man had stolen appellee's wallet and that the woman was his accomplice. Pedrick then followed the man while appellee went to the front of the store to report the alleged theft.

According to the evidence adduced by appellee, when she went to the front of the store Richard Arrowood, the person then in charge of the store, told her there was nothing appellant could do, ignored her demand that he call the police, and refused despite her repeated requests to allow her to use the store's phone to call the police. Appellee deposed that when Arrowood was persuaded by a stranger in the store to telephone the police, he ignored her demand to report the theft incident to the police as a "robbery in progress," and subsequently refused to help her make a citizen's arrest of the couple. It is uncontroverted that the man and woman appellee suspected of committing the theft shopped and behaved in a normal fashion, even when they observed appellee pointing them out to Arrowood, and that when appellee confronted them and asked if they saw who stole her wallet, the couple denied knowing its whereabouts. Appellee deposed that the man she suspected of stealing her wallet purchased a few items through the check-out line and, before departing the premises, approached appellee to wish her luck in finding her wallet. When the couple was almost out of sight of the grocery store, she saw a policeman approaching, "leisurely looking for a parking place[, a]nd I jumped off the curb [in front of the grocery store] and wrenched my back."

Appellee's complaint, liberally construed, asserts claims arising in tort under OCGA § 51-3-1, which requires the owner of premises to exercise ordinary care in keeping the premises safe for an invitee. Specifically, the allegations in appellee's complaint fall into four groups: (1) appellant failed to prevent the alleged crime from occurring by keeping its premises safe, specifically, by failing to supervise its premises properly; (2) appellant "fail[ed] to interfere to prevent

the probable injuries" to appellee after being notified of the alleged crime, specifically, by not confronting or apprehending the alleged criminals; (3) appellant's employees failed to "help" appellee, specifically, by not telephoning the police "in a timely fashion"; and (4) appellant is liable to her for the injuries she incurred when she fell off the curb in front of appellant's store. We agree with appellant that it was entitled to summary judgment on each of these claims.

1. "A proprietor's duty to invitees is to 'exercise ordinary care in keeping the premises and approaches safe.' [Cit.] The proprietor is not the insurer of the invitee's safety, [cit.], but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. [Cit.] If the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991). In this case, it is uncontroverted that there had been no prior incidents of theft of customers' belongings in appellant's store. Compare id. at 492-493 (1). "Thus, no evidence proffered was sufficient to present a factual question as to whether appellant knew or should have known that any of its patrons was at risk of [a theft] by [patrons] [cits.]" *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 70 (1) (a) (378 SE2d 323) (1989), and as a matter of law appellant owed no duty to appellee to protect her from this risk. Id.

As to appellee's claim that appellant breached its duty to exercise ordinary care for its invitees by failing to take the proper steps to prevent criminal acts, i.e., by providing security, Arrowood's testimony in his deposition established that the manner in which appellant maintained its store was no different or less than the method used by other grocery stores, particularly in regard to the lack of security personnel and the store management's reliance on local police authorities to handle any criminal matters that did arise. Appellee adduced no facts which would authorize a reasonable jury to conclude that appellant's conduct failed to conform to the standard of care required of property owners in fulfilling their duty to exercise ordinary care under OCGA § 51-3-1, and accordingly summary judgment in appellant's favor was demanded. *Lau's Corp.*, supra at 493-494 (2).

2. We agree with appellant that as a matter of law it owed appellee no duty to confront or arrest the couple she was accusing of stealing her wallet. The alleged crime was not committed in the presence or within the immediate knowledge of Arrowood or any other employee of appellant, and thus Arrowood and other employees of appellant were not legally authorized to arrest the alleged criminals. OCGA § 17-4-60. Indeed, the only person who could have effected a citizen's arrest was appellee herself because she was the only person who "by the exercise of any of [her] senses . . . ha[d] knowledge of

[the crime's] commission. [Cit.]" *Johnson v. Jackson*, 140 Ga. App. 252, 257 (230 SE2d 756) (1976). Nothing in OCGA § 51-7-60 suggests that a merchant is authorized to detain or arrest persons accused by business patrons of committing crimes against the patrons, since that statute expressly involves only the limited right of a merchant to detain or arrest a person reasonably believed to have committed the offense of *shoplifting* as defined in OCGA § 16-8-14.

3. We agree with appellant that its motion for summary judgment should have been granted as to appellee's claim that she was entitled to recover damages from appellant for what she argues was a breach of a duty voluntarily assumed by appellant to help her after the theft was committed. Appellee asserts this duty to help was assumed by appellant when it promulgated internal employee regulations regarding how employees were to respond to crimes against the store. Although Arrowood testified that he did not know of any policy of appellant for handling thefts of customers' belongings, even if Arrowood's testimony about appellant's policies in handling crimes against the store (i.e., shoplifting and robbery) applied to the situation here and assuming, arguendo, that this policy created a duty owed by appellant to appellee that was breached when Arrowood failed to contact the police immediately, the evidence fails to reflect in what manner appellant's breach of this duty harmed appellee. Appellee testified that pay phones were available to her in the store, and no evidence was adduced that the alleged crime rendered appellee incapable of calling the police herself. Thus appellant was able, even without money, to access either the telephone operator or 911 (if available) to report the alleged crime. See Regulation No. 2 of Regulations of the Georgia Public Service Commission for the Connection of Customer Owned Coin and/or Coinless Telephones in Georgia. It is uncontroverted that appellant's employees took no action to prevent appellee from making such a report. Therefore, because the evidence establishes that appellee by the exercise of ordinary care easily could have prevented all the harm to herself that she claims resulted from Arrowood's failure to contact the police immediately after she reported the alleged crime to him, see OCGA § 51-11-7; see generally *Shamis v. Southern Bell Tel. &c. Co.*, 155 Ga. App. 513 (271 SE2d 658) (1980), appellee was not entitled to recover from appellant. See generally id. at 514.

4. As to the injuries appellee sustained when she jumped off the curb in front of appellant's store, there is no evidence that the curb was defective in any manner; there is no evidence that any act of appellant prevented appellee from seeing the curb; there is no evidence that appellant forced appellee to jump from the curb; and there is no evidence that appellee, in the exercise of reasonable care for her own safety, could not have prevented the harm to her back. Since there is

no evidence of fault on the part of appellant or ignorance of the danger on the part of appellee, see *Pound v. Augusta National*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981), we agree with appellant that there is no jury question regarding appellant's liability to appellee in this matter. See generally id.

In conclusion, under the facts adduced in the record in this appeal and the law of this state, we find all of the claims asserted by appellee against appellant to be utterly without merit. The trial court had no basis on which to deny appellant's motion for summary judgment, and that order is accordingly reversed.

*Judgment reversed. Birdsong, P. J., Carley, P. J., Beasley, Andrews and Johnson, JJ., concur. McMurray, P. J., Pope and Cooper, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

A proprietor informed of a criminal activity in progress on the premises is placed under a duty to exercise reasonable care to prevent harm to its invitee. *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474). In my view, a jury could conclude that defendant's agent's initial refusal to telephone the police and failure to fully inform police when he subsequently did call them was a breach of that duty. The majority's conclusion that plaintiff was not harmed by such a breach of duty because pay phones were available to plaintiff is contradicted by evidence that plaintiff had no change to operate the pay phones and did not recognize that the phones could be used to access the telephone operator or 911 without money. Plaintiff's testimony as to the events contained repeated references in this regard, including that she asked her companion for a quarter, but her companion had no money, and that she "asked them to call the police because I had no money." Consequently, any question as to whether plaintiff exercised ordinary care should be submitted to a jury. I would affirm the ruling of the state court.

I am authorized to state that Judge Pope and Judge Cooper join in this dissent.

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 31, 1992 —

*Young, Clyatt, Turner, Thagard, & Hoffman, William A. Turner, Jr.,* for appellant.
*Kitchens, Wolfson, Smith & Hannan, B. Miles Hannan,* for appellee.