A92A0970. SHELL OIL COMPANY et al. v. DIEHL.
(422 SE2d 63)

CARLEY, Presiding Judge.

While an invitee on appellant-defendants' business premises, appellee-plaintiff was the victim of a criminal attack. As the result of injuries suffered in that attack, appellee filed suit against appellants. After discovery, appellants moved for summary judgment. The trial court denied appellants' motion, but certified its order for immediate review. The instant appeal results from the grant of appellants' application for an interlocutory appeal.

1. The evidence of record establishes that appellants have no liability to appellee under the theory that they knew or should have known that their business premises subjected invitees to the unreasonable risk of criminal attacks. Although there is evidence of prior criminal activity on appellants' business premises, it is undisputed that no similar criminal attack on a customer had ever occurred. *Sa-*

*vannah College of Art & Design v. Roe*, 261 Ga. 764, 765 (2) (409 SE2d 848) (1991); *Nalle v. Quality Inn*, 183 Ga. App. 119, 120 (358 SE2d 281) (1987). Compare *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991); *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975).

Moreover, in opposition to the motion for summary judgment, appellee introduced no evidence that the security precautions which were being employed on appellants' business premises did not comply with the applicable standard of care. "To avoid entry of summary judgment in a premises liability case, plaintiffs may not simply point to their injuries as evidence that the landowner failed to take reasonable precautions to protect them. [Cit.] Instead, plaintiffs must come forward with facts from which a reasonable jury could conclude that the owner or occupier failed to take reasonable steps to protect them against injury. [Cit.]" *Lau's Corp. v. Haskins*, supra at 493-494 (2). It is immaterial that additional security measures might have been undertaken by appellants. What is material is that there is no evidence that the security measures which had been undertaken by appellants were not reasonable. Appellee presented no "evidence that the condition of the parking lot fell below reasonable security standards, e.g., that the lights were not working, or that deep shadows provided places for criminals to lurk, or that other local proprietors had found it necessary to hire security guards, etc. In sum, there is no evidence that [appellants'] conduct failed to conform to the standard of care required." *Lau's Corp. v. Haskins*, supra at 494 (2).

2. There is, however, evidence that the attack, which apparently lasted several minutes, occurred in full view of one of appellants' employees, who did nothing.

"The proprietor of a business has a duty, when he can reasonably apprehend danger to a customer from the misconduct of other customers or persons on the premises, to exercise ordinary care to protect the customer from injury caused by such misconduct. 'The duty is defined by the law; the breach of that duty is determined by the particular facts. . . . This is usually a question to be referred to the jury, and should always be so referred, unless the allegations (or evidence) show beyond controversy that there was no such breach of duty. . . .' [Cits.] When the conduct of persons on the premises is such that the proprietor from known facts or circumstances should reasonably apprehend danger to other customers, it is his duty to interfere to prevent injury, and the failure to interfere when the proprietor has an opportunity to foresee and prevent injury may constitute negligence. [Cits.]" *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672, 673-674 (1) (165 SE2d 179) (1968).

There is no evidence as to what could have been done to protect appellee from injury once appellants' employee observed that the at-

tack had begun. However, it cannot be inferred, from the failure of appellants' employee to act, that nothing could have been done. On summary judgment, all inferences are to be resolved against appellants and in favor of appellee. *Summers v. Milcon Corp.*, 134 Ga. App. 182, 183 (4) (213 SE2d 515) (1975). Accordingly, construing the evidence most favorably for appellee, appellants have not met their burden of showing that "[t]his is *not* a case where [their employee] was aware of a 'dangerous condition' created by [third parties] and chose to do nothing about it. [Cits.]" (Emphasis supplied.) *Bowling v. Janmar, Inc.*, 142 Ga. App. 53, 54 (234 SE2d 849) (1977). According to appellee, appellants' employee made no "effort to quell the [attack] by personal interference or by calling on the police. . . . [If appellants' employee] had ample notice and opportunity to interfere and prevent the continuance and culmination of the [attack], but wholly neglected and failed to do so[,]" appellants would be liable. *Adamson v. Hand*, 93 Ga. App. 5, 9 (90 SE2d 669) (1955). "If[, on the other hand,] the [attack] and resulting injury happened suddenly and without warning and [appellants' employee] could not, by the exercise of reasonable care, have discovered or prevented it, there could be no recovery." *Georgia Bowling Enterprises v. Robbins*, 103 Ga. App. 286, 288 (119 SE2d 52) (1961).

Under the existing state of the record, "[t]his is a case where a jury must rule on the question of negligence and diligence. . . . What a reasonable and prudent man under similar circumstances [could and] would have done in the exercise of ordinary care [for the protection of appellee] is for a jury to answer." *Adamson v. Hand*, supra at 9. It follows that the trial court correctly denied appellants' motion for summary judgment.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

Long, Weinberg, Ansley & Wheeler, K. Marc Barre, Stephen H. Sparwath, for appellants.
Michael E. Bergin, Fredric W. Tokars, for appellee.