## A92A2006. WOODS et al. v. KIM.

(429 SE2d 262)

ANDREWS, Judge.

While an invitee on the premises of appellee's store, Ronald Woods was the victim of a criminal attack. He filed this action claiming appellee failed to exercise ordinary care to keep the premises safe, and failed to provide adequate security for protection of business invitees. Mr. Woods along with his wife, who joined in the action to bring her loss of consortium claim, appeal from the order of the trial court granting summary judgment in favor of appellee.

As he exited from the store after making his purchase, Mr. Woods was confronted by an assailant armed with a sawed-off shotgun, who demanded money, then shot him. The complaint, which states a premises liability claim under OCGA § 51-3-1, alleges that appellee knew or should have known of unsafe conditions on the premises which gave rise to the attack, and that security was inadequate to prevent the attack.

"A proprietor's duty to invitees is to exercise ordinary care in keeping the premises and approaches safe. The proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. If the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters." (Citations and punctuation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991); *Winn-Dixie Stores v. Nichols*, 205 Ga. App. 308, 310 (1) (422 SE2d 209) (1992). The assailant was unknown to Woods. Although appellee recognized the gunman as one of many high school students who frequented the store, there was no evidence that appellee had previously known the assailant to be violent, or to carry a weapon of any kind. Nevertheless, "[i]n order to prove that the owner had advance notice of the danger of such an assault, evidence is admissible to show a pattern of prior substantially similar criminal assaults on the premises creating a known dangerous condition for which the owner may be held liable." *Reid v. Augusta-Richmond County Coliseum Auth.*, 203 Ga. App. 235, 237 (1) (416 SE2d 776) (1992); *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816, 817 (1) (386 SE2d 415) (1989).

The record reflects that appellee's store is located in a high crime area, and numerous crimes occurred on the premises prior to the present assault. However, most of those crimes were against the store itself. Of those that could have arguably involved an attack of any kind upon a customer of the store: a clerk of the store struck a woman in an argument over correct change; a woman was cut in a domestic dispute with her boyfriend; a man was beaten with a pipe when he

refused to say where some of his friends had allegedly gone with the assailant's money; and a purse was snatched without the use of a weapon. None of these prior criminal acts was substantially similar to the attack on Woods. There is no evidence appellee knew or should have known that conditions on the premises put Woods at risk of being robbed and shot. As a matter of law, appellee owed no duty to protect Woods from the attack at issue. *Savannah College of Art & Design v. Roe*, 261 Ga. 764, 765-766 (409 SE2d 848) (1991); *Nichols*, supra at 310; *Shell Oil Co. v. Diehl*, 205 Ga. App. 367, 368 (422 SE2d 63) (1992); *Gay v. Franchise Enterprises*, 203 Ga. App. 870, 871-872 (418 SE2d 135) (1992).

Since appellee did not know of the dangerous conditions giving rise to the present attack, and knowledge of the conditions "would be necessary, in order to show the existence of even an initial duty on the part of [appellee] to provide preventive security measures," we find no merit in the claim that appellee failed to provide security adequate to prevent this kind of attack. *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 877 (392 SE2d 535) (1990). There was no evidence that any security efforts undertaken by appellee were otherwise below a reasonable standard of care, made the situation worse by increasing the danger, misled Woods into the belief that the danger had been removed, or deprived Woods of the possibility of help from other sources. *Lau's Corp.*, supra at 494-495; *Reid*, supra at 238; *Shell Oil Co.*, supra at 368; *Nichols*, supra at 310. The trial court correctly granted summary judgment in favor of appellee.[1]

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

Decided February 23, 1993 —
Reconsideration denied March 18, 1993 —

*Burge & Wettermark, Michael J. Warshauer*, for appellants.
*Goodman, McGuffey, Aust & Lindsey, Leigh M. Wilco, Constance C. Russell*, for appellee.

---

[1] Although the trial court was unable to consider depositions filed after the order granting summary judgment was entered, they were forwarded by agreement of the parties to this court, and have been considered as part of the record in our determination that no genuine issues of fact remain. See *Bishop*, supra at 874; *Riverbend Ford-Mercury v. Kirksey*, 196 Ga. App. 307, 309-310 (395 SE2d 898) (1990); *Miller, Stevenson &c. v. Fayette County*, 190 Ga. App. 777, 778 (380 SE2d 73) (1989); *Miller Grading &c. v. Georgia Fed. &c. Assn.*, 247 Ga. 730, 734 (279 SE2d 442) (1981).