A93A1015. TAYLOR v. ATLANTA CENTER LIMITED.
(430 SE2d 841)

BLACKBURN, Judge.

The appellant, Betty L. Taylor, brought the instant negligence action against the appellee, Atlanta Center Limited, a Georgia Limited Partnership d/b/a Atlanta Hilton Towers, and others, as a result of serious injuries she sustained to her head and shoulders on January 1, 1986, while a guest of the appellee's hotel. The appellee responded and admitted that a hotel patron dropped a broom from the seventeenth floor of the atrium which struck the appellant and caused her injuries, but denied liability and other material allegations of the complaint. The appellee subsequently moved for summary judgment in its favor, and the grant of the motion by the trial court was subsequently reversed by this court. In its decision of May 30, 1991, this court found that the appellee failed to negate at least one element of appellant's claim, i.e., that the appellee failed to exercise the requisite degree of care and skill in keeping its hotel premises safe, and therefore genuine issues of material fact remained as to the appellee's fore-

seeability of the type of criminal conduct which caused appellant's injuries and as to the adequacy and non-negligent utilization of appellee's security.

The appellee renewed its motion for summary judgment, and in support of the motion, submitted the affidavits of Bruce Bassett, the director of security on the date of the incident. In granting appellee's second motion for summary judgment, the trial court found that the appellant failed to present any evidence which indicated that the appellee's security measures fell below reasonable security standards such as to constitute a breach of appellee's duty of care to the appellant, and this appeal followed.

Construed most favorably to the appellant, the record reveals that on January 1, 1986 at approximately 1:30 a.m., the appellant, her husband and another couple returned to the appellee's hotel from a dinner dance and breakfast. The appellant, along with her husband and another couple, had checked into the hotel on the previous evening. Immediately before the incident, the appellant and the couple were standing near the guest elevator in the crowded hotel lobby waiting for the appellant's husband to join them. Shortly after the arrival of the appellant's husband, the appellant was hit on the head by an object later identified by security personnel as a broom similar to those used by the hotel's housekeeping department. The appellant was subsequently taken to the emergency room at a local hospital, where her head wound was sutured. According to a report made by security personnel after the incident, a security guard saw one of the hotel's patrons toss the broom over the balcony into the atrium area. The patron was apprehended by the security department and later arrested by the Atlanta Police Department.

In his initial affidavit submitted by the appellee in support of its renewed motion for summary judgment, Bassett indicated that there had never been any incident at the hotel where someone was similarly injured. He was further unaware of any incident where an individual threw an object from the balcony of any of the upper floors in the hotel. Although he had initially indicated that on the morning that the appellant had been injured, there were 26 security officers on duty, approximately 19 more officers than usual, upon his review of the time records of the security officers, he realized that there were only 14 officers on duty at the time of the appellant's incident. However, in his opinion, the number of security officers on duty was more than adequate to take care of the needs of the patrons. On the morning in question, the officers had been placed in strategic locations around the hotel to detect and avoid any dangerous condition that could result in injury to any guest. Before this incident, the security department did not have any notice that the hotel patron was behaving in a rowdy manner, had possession of the broom, or was likely to

endanger the safety of anyone. In his deposition, Bassett acknowledged that New Year's Eve is a busier time than usual for the hotel, and consequently, security is increased as a standard operating procedure. Normally, only five to seven security officers are on duty at the appellee's hotel. "Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required. In all cases, a landowner is not required to do more than is reasonable for the protection of invitees." *Lau's Corp. v. Haskins*, 261 Ga. 491, 494-495 (405 SE2d 474) (1991).

In response to the appellee's initial motion for summary judgment, the appellant submitted a copy of the complaint filed by a guest of the appellee's hotel who had been assaulted by several individuals in a guest elevator. The appellant also submitted the affidavit of the assistant security director at the time of the 1983 incident. Other than the deposition of Bruce Bassett, the appellant did not submit any additional evidence in response to the appellee's renewed motion for summary judgment.

In her sole enumeration of error, the appellant contends that the trial court erred in granting the appellee's motion for summary judgment as material issues of fact remained as to whether or not the appellee: exercised the requisite degree of care and skill in keeping its hotel premises safe, maintained an adequate number of security personnel on duty at the time of appellant's injury, and deployed its security personnel in a non-negligent manner.

" 'A proprietor's duty to invitees is to exercise ordinary care in keeping the premises and approaches safe. . . .' [Cits.]" *Woods v. Kim*, 207 Ga. App. 910 (429 SE2d 262) (1993). "Although a business proprietor is not an insurer of the safety of its patrons, [cit.], a proprietor 'has a duty, when he can reasonably apprehend danger to a customer from the misconduct of other customers or persons on the premises, to exercise ordinary care to protect the customer from injury caused by such misconduct.' [Cit.]" *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 69 (1) (378 SE2d 323) (1989). " '[U]nforeseen and unexpected acts particularly those mala in se perpetrated by third parties on the proprietor's premises do not activate liability by the proprietor . . . (unless) it is shown that the proprietor has reasonable grounds for apprehending that the very type criminal act which resulted in injury to his guests is reasonably likely to occur. (Cit.)' [Cit.] ' "Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness." (Cit.)' [Cit.]" Id. at 69. "Evidence of prior criminal acts may be admitted to establish that the landowner was on notice that his patrons were subject to the risk of criminal assault, provided that the circumstances surrounding the

prior acts were 'substantially similar' to those surrounding the acts on which the suit is predicated." *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816, 817 (1) (386 SE2d 415) (1989).

There can be no liability of a proprietor based *solely* upon the unauthorized and wrongful use of personal property of the proprietor by a party unrelated to the proprietor which misuse results in injury to an invitee, where each of the following is present: (1) such personalty is not inherently dangerous; (2) such personalty is reasonably situated or stored by the proprietor; (3) such property is removed from its location or storage area by an unauthorized person or for a wrongful purpose; (4) such wrongful conduct is not reasonably foreseeable by the proprietor; or, even if foreseeable, is not of such a nature as to reasonably allow the proprietor to intercede, warn its invitees, or otherwise act to prevent injury to same.

"To prevail at summary judgment under OCGA § 9-11-56 [(c)], the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, supra at 491.

In the instant case, the appellant has not presented any evidence to rebut the appellee's showing that the occurrence of this type of assault against the appellant was not foreseeable. Although the appellant presented evidence of an assault against a hotel guest in an elevator which occurred three years earlier, this incident is irrelevant because it is not substantially similar to the type of assault that occurred in this case. See *Savannah College of Art & Design v. Roe*, 261 Ga. 764 (409 SE2d 848) (1991). It is undisputed that, before the appellant was struck with the broom, the appellee was unaware that the patron was behaving in an inappropriate manner, had possession of the broom or was likely to injure another guest by throwing an object over the balcony. In addition, a broom is not an object which is ordinarily considered by a reasonably prudent person as dangerous per se and there is no evidence that the broom was maintained by the hotel in a place outside of its normal location for safekeeping. Hotel premises contain many ordinary objects which are readily accessible to patrons and other persons and which could be used for an unforeseen criminal purpose. To impose liability upon a proprietor simply because of such criminal misuse of an ordinary object, as advocated by the appellant, would be tantamount to making a proprietor an in-

surer, and as discussed above, that is not the duty of a proprietor.

Although it is undisputed that the appellee did not have knowledge of any prior similar acts which knowledge would create an initial duty to provide preventive security measures, the appellee in fact did provide security personnel for the safety of its guests. " 'Accordingly, even assuming that there might otherwise have been no initial duty to provide security to (invitees) such as (appellant), (appellee) having undertaken that very duty, was required to perform it in a non-negligent manner.' " *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 877 (3) (392 SE2d 535) (1990). The appellant has not presented any evidence that any security efforts undertaken by the appellee failed to conform to the appropriate standard of care. On the contrary, the security staff was doubled on the date of the appellant's incident and the director of security indicated that the officers were placed in strategic locations in an effort to insure the safety of the guests. The director further opined that the number of security officers on duty was sufficient.

Based on the above undisputed facts and the appellant's failure to provide evidence giving rise to a triable issue, we conclude that the appellee was entitled to summary judgment adjudication as a matter of law, and the decision of the trial court is without error.

*Judgment affirmed. McMurray, P. J., concurs. Johnson, J., concurs in judgment only.*

DECIDED APRIL 12, 1993.

*McNally, Fox & Cameron, Philip P. Grant*, for appellant.
*Duncan & Mangiafico, Edgar S. Mangiafico, Jr., Leslie P. Becknell*, for appellee.

