A93A0593. GOOD OL' DAYS DOWNTOWN, INC. et al.
v. YANCEY.
(434 SE2d 740)

COOPER, Judge.

This interlocutory appeal arises out of an action filed by appellee against appellants to recover for personal injuries appellee received when he was struck in the face by a patron at appellants' restaurant/bar. We granted appellants' application to consider whether the trial court properly denied their motion for summary judgment.

Viewed in favor of appellee's opposition to the summary judgment, *Eiberger v. West,* 247 Ga. 767 (1) (281 SE2d 148) (1981), the evidence shows that appellee was sitting with a female friend at a table at the Good Ol' Days restaurant in Sandy Springs. Another customer in the restaurant, James Haynes, walked over to appellee's table, accused appellee of taking his beer and demanded that appellee buy him a beer. For approximately the next five minutes, Haynes continued to stand over appellee's table insisting that appellee buy him a beer. Haynes' voice became gradually louder, and his tone grew impatient. As a result of Haynes' behavior, appellee attempted to get the attention of a waitress to ask that she bring a beer for Haynes. After waiting a few minutes for the waitress to bring a beer, appellee decided to go to the bar to get the beer for Haynes. When he stood up, Haynes struck appellee in the face with his fist and then hit him

in the face with a pool cue. Appellee suffered severe injuries to his face and mouth as a result of the incident.

1. Appellants' first three enumerations of error concern whether appellee properly amended his complaint to add party-defendants. The record reflects that on January 7, 1991, appellee filed his original complaint against Good Ol' Days Downtown, Inc. d/b/a Good Ol' Days. Discovery revealed that at the time of the incident, the Sandy Springs Good Ol' Days was not owned by Good Ol' Days Downtown, Inc., but was owned by Flower Pot Food Factory, Inc., a subsidiary of Good Ol' Days, Inc. Therefore, on March 22, 1991, prior to the expiration of the statute of limitation, appellee filed an amended complaint against Good Ol' Days, Inc. and Flower Pot Food Factory, Inc. d/b/a Good Ol' Days. On March 30, 1992, appellants filed a motion for summary judgment, contending in part that the lawsuit should be dismissed against the newly-added defendants because appellee did not seek leave of court to add the defendants pursuant to OCGA § 9-11-21. OCGA § 9-11-15 (a) provides that "[a] party may amend his pleading as a matter of course without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." It is undisputed that appellee never sought leave of court to add the defendants. However, the trial court's denial of appellants' motion for summary judgment, made on the ground that no motion for leave to amend was filed, amounts to an implicit approval of appellee's amendment. While the proper procedure would have been for appellee to seek leave to add the parties, it appears that appellants were served without inexcusable delay, that they have not been prejudiced in maintaining a defense on the merits and that they should have known that they were the proper defendants in the case. Moreover, it is undisputed that the newly-added defendants were properly served within the statute of limitation. Accordingly, we conclude that the trial court's denial of summary judgment on the ground that appellee did not seek leave to add the parties-defendant was a proper exercise of the trial court's discretion to allow the amendment. See, e.g., *Bil-Jax, Inc. v. Scott*, 183 Ga. App. 516 (1) (359 SE2d 362) (1987).

2. Appellants also contend that the trial court erred in denying their motion for summary judgment on appellee's theory of negligence and inadequate security. "A proprietor's duty to invitees is to 'exercise ordinary care in keeping the premises and approaches safe.' OCGA § 51-3-1. The proprietor is not the insurer of the invitee's safety, [cit.], but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. [Cit.] If the proprietor has reason to anticipate a criminal act,

698

he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991). Appellants argue that the attack against appellee was sudden and unprovoked and that the incident was not foreseeable since there was no evidence of any substantially similar incidents which occurred at the restaurant. However, appellee asserts that the employees of the restaurant had sufficient time to react to his attacker's loud and abusive behavior which continued for over five minutes within hearing distance of the waitresses and bartenders. Summary judgment should only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (Punctuation omitted.) *Minor v. E. F. Hutton & Co.*, 200 Ga. App. 645, 646 (2) (409 SE2d 262) (1991). In ruling on a motion for summary judgment, the trial court is obliged to consider the entire setting of the case. Appellee and his female companion testified in their respective depositions that Haynes' abusive behavior consisted of loud cursing and repeated demands that appellee buy him a beer. Appellee's companion testified that a waitress and bartender had to have been aware of Haynes' behavior. Although appellants' employees denied hearing anything more than a "discussion" between Haynes and appellee, the evidence at least raises a question of fact as to whether appellants could have foreseen the potentially dangerous situation and intervened prior to the violent attack on appellee. "There is no evidence as to what could have been done to protect appellee from injury. . . . However, it cannot be inferred, from the failure of appellants' [employees] to act, that nothing could have been done. On motion for summary judgment, all inferences are to be resolved against appellants and in favor of appellee. [Cit.]" *Shell Oil Co. v. Diehl*, 205 Ga. App. 367, 368-369 (422 SE2d 63) (1992). Accordingly, construing the evidence most favorably to appellee, we conclude that factual questions exist for a jury to resolve on the issue of negligence and diligence, and the trial court correctly denied appellants' motion for summary judgment. See *Shell Oil Co.*, supra.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 13, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*Bentley, Karesh & Seacrest, Gary L. Seacrest, Stephen D. Apolinsky*, for appellants.

*Lance A. Cooper*, for appellee.