A94A1172. J. C. PENNEY COMPANY v. SPIVEY.
A94A1173. DUBLIN MALL, INC. et al. v. SPIVEY.
(452 SE2d 191)

ANDREWS, Judge.

Martha Spivey sued Dublin Mall, Inc. and McKnight Properties, Inc., owners of Dublin Shopping Mall, and J. C. Penney Company, a tenant of the mall, for damages arising from her assault at the mall. We granted applications for interlocutory review to consider whether the retailer and the mall owner are entitled to summary judgment.

Viewed in favor of the non-movant, *Eiberger v. West*, 247 Ga. 767 (1) (281 SE2d 148) (1981), the evidence showed that Spivey had gone Christmas shopping at Dublin Mall on December 17, 1990. She parked her car near the J. C. Penney entrance. It was about 6:30 p.m., a "dark dusk," and the lights had come on in the parking lot. Spivey could see from her car all the way to Penney's and proceeded to walk toward the store. As she did so, she noticed a man walking towards

her, but saw nothing in his demeanor or manner that caused her any alarm and she continued to walk towards him as they approached the entrance. He arrived at the double glass entrance doors a step or two ahead of her and proceeded to open the outer door for her. As she entered in front of him, he wished her a "Merry Christmas." She began to open the inner glass door when he grabbed her purse from behind, spun her around, and dragged her back through the outer door. During the struggle, Spivey sustained a broken leg. Sikes, a mall security expert, opines in his affidavit that the security provided by the mall and J. C. Penney was inadequate in that an insufficient number of guards were posted.

Two prior incidents of assault were shown in opposition to the motions for summary judgment. An affidavit was submitted by Ms. Lampp who had her purse stolen while at the mall on November 11, 1989. On that evening, Lampp and her son had been to the mall shopping, had completed their shopping, and returned to their car which was parked near the J. C. Penney entrance to the mall. Ms. Lampp placed her shoulder purse on the asphalt near her feet as she opened the car door and a young man ran by, snatched her purse, and escaped before she could react. She had noticed a vehicle in the area driving in a "slow and suspicious manner" before the snatch and run and she believed the thief was picked up in that car. She reported the crime to the Dublin Police Department. She makes no statement in her affidavit which indicates she notified mall personnel of the incident, nor does the officer who investigated it.

Deputy Sheriff Tipton worked for the Dublin Mall Merchants' Association as a security guard during his off time and was working the day of the Spivey incident. He was charged with patrolling the common areas of the mall and the exterior, including the parking lot. He would report any missing lights or other matters needing attention to the mall manager, Schultz. He also would be contacted concerning shoplifting or other disturbances. Prior to the Spivey incident, he was unaware of the Lampp incident, as were other mall and J. C. Penney officials. However, he was aware of another earlier purse-snatching incident outside the side entrance to the mall's Belk-Mathews store. According to Tipton, "a subject was standing back in the bushes, right outside the door and the lady walked by and he grabbed her pocketbook and ran."

1. The mall and store owners contend they are entitled to summary judgment because they did not breach the applicable duty of care to business invitees.

"A proprietor's duty to invitees is to exercise ordinary care in keeping the premises and approaches safe. Although a business proprietor is not an insurer of the safety of its patrons, a proprietor has a duty, when he can reasonably apprehend danger to a customer from

the misconduct of other customers or persons on the premises, to exercise ordinary care to protect the customer from injury caused by such misconduct. Unforeseen and unexpected acts particularly those mala in se perpetrated by third parties on the proprietor's premises do not activate liability by the proprietor unless it is shown that the proprietor has reasonable grounds for apprehending that the very type criminal act which resulted in injury to his guests is reasonably likely to occur. Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness. Evidence of prior criminal acts may be admitted to establish that the landowner was on notice that his patrons were subject to the risk of criminal assault, provided that the circumstances surrounding the prior acts were substantially similar to those surrounding the acts on which the suit is predicated." (Citations and punctuation omitted.) *Taylor v. Atlanta Center, Ltd.*, 208 Ga. App. 463, 465 (430 SE2d 841) (1993). "If the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991).[1]

We do not find that the circumstances surrounding either prior theft, even assuming that the incident involving Ms. Lampp had been known to the defendants, were substantially similar to those surrounding the theft of Spivey's purse. *Taylor v. Atlanta Center, Ltd.*, supra at 466. See, e.g., *Southeastern Stages v. Stringer*, 263 Ga. 641 (437 SE2d 315) (1993); *Savannah College of Art &c. v. Roe*, 261 Ga. 764 (409 SE2d 848) (1991); *Woods v. Kim*, 207 Ga. App. 910 (429 SE2d 262) (1993). Compare *Good Ol' Days &c. v. Yancey*, 209 Ga. App. 696 (434 SE2d 740) (1993) and *Wilks v. Piggly Wiggly &c.*, 207 Ga. App. 842 (429 SE2d 322) (1993). The purse-snatching and assault on Spivey took place within the well-lighted entrance of J. C. Penney's store, where Spivey's attacker politely held the door for her before snatching her purse. The purse-snatching involving Ms. Lampp, in contrast, took place in the parking lot when her purse, on the asphalt beside her, was grabbed by a man whose accomplice drove a nearby get-away car. The earlier incident outside the entrance to Belk's was also factually dissimilar since the criminal, hidden behind bushes, was able to surprise his victim, grab her purse and run.

"In light of the dearth of evidence of the occurrence of prior substantially similar incidents, the [mall and its tenant retailer were] en-

---

[1] See discussion of the 1993 decision of the California Supreme Court, *Ann M. v. Pacific Plaza Shopping Center*, 863 P2d 207 (Cal. 1993), in Case Comment, "Ann M. v. Pacific Plaza Shopping Center: The California Supreme Court Retreats from its 'Totality of the Circumstances' Approach to Premises Liability," 28 Ga. L. Rev. 1053 (1994).

titled to summary judgment because there was no evidence sufficient to create a factual issue as to whether [they] knew or should have known that [their business invitees] were at risk of a . . . criminal . . . [assault]. [Cit.]" *Savannah College of Art &c. v. Roe*, supra at 766 (2).

2. Spivey contends that the mall owners and J. C. Penney negligently posted an inadequate number of guards to patrol mall parking areas in order to deter crime. In opposition to summary judgment, a mall security expert, Sikes, affied that the security practices and policies at Dublin Mall were inadequate in posting only one security guard for the mall interior as well as its exterior parking areas because only ten percent of his time is spent patrolling outside to deter crime. Also, in cold or bad weather, the security guard generally patrols outside in his unmarked, personal automobile.

"A landowner does not become an insurer of safety by taking some security precautions on behalf of invitees. Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required. In all cases, a landowner is not required to do more than is reasonable for the protection of invitees." (Footnote omitted.) *Lau's Corp. v. Haskins*, supra at 494-495 (3).

The record in this case shows no evidence that the mall owners increased the risk of an attack or otherwise misled Spivey into believing she need not guard herself against the risk of a purse-snatching or deprived her of the means to obtain help elsewhere. *Lau's Corp. v. Haskins*, supra at 495. Absent such evidence, the defendants are entitled to summary judgment.

*Judgments reversed. Johnson, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur because there was no evidence that either defendant had knowledge of any prior purse-snatching or assault. Whether they were similar or not is unnecessary to consider.

As shown in the majority opinion, there is no evidence that the 1989 Lampp incident, which occurred some 13 months previous to the attack on Martha Spivey, was reported to any employee of either defendant. As to the other incident, the only evidence of it is that security guard Tipton merely deposed that he heard of it after the Spivey incident. Even assuming this was admissible under OCGA §§ 24-3-33 and 10-6-64, see *Coffee Butler Svc. v. Sacha*, 208 Ga. App. 4, 6 (2) (430 SE2d 149) (1993), it can hardly constitute prior notice to defendants.

DECIDED DECEMBER 2, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — 

Anderson, Walker & Reichert, Robert A. B. Reichert, Chambless, Higdon & Carson, Joseph H. Davis, Mary M. Katz, for appellants.

Lovett & Hicks, William E. Hicks, Frederick V. Massey, for appellee.