A94A2197. RITZ CARLTON HOTEL COMPANY v. REVEL et al.
(454 SE2d 183)

Andrews, Judge.

We granted the Ritz Carlton Hotel Company's application for interlocutory appeal to review the superior court's denial of its motion for summary judgment. The Ritz' motion to unseal the record is granted since the documents under seal are necessary to this court's consideration of this matter.

Construing the evidence in the light most favorable to the Revels, as respondents, the facts are the following: On the afternoon of November 23, 1990, Carolyn Revel was staying as a guest at the Ritz Carlton Buckhead in Atlanta. At about 6:00 p.m., she ordered room

service, which was delivered to her room by a female room service attendant. About an hour later, she heard a knock on the door and what she thought were the words "room service." She looked through the peephole in the door, which was also equipped with a door lock, a deadbolt lock and a safety chain, and saw a male wearing a white jacket. Through the peephole, the man appeared clean-cut and clean-shaven. Revel assumed that the man had come to retrieve her tray and she unlatched the safety chain on the door and opened the door.

Upon opening the door, Revel was hit by the door as the person entered the room. She saw then that he was not an employee of the Ritz. She noticed that he was disheveled, that his jacket was not starched and pressed, and that his appearance did not conform to that of the other Ritz employees. The man threatened to kill Revel and then physically and sexually assaulted her and robbed her. At one point he stated that he was "tired of you rich bitches coming in here." He fled and was never apprehended.

On April 3, 1992, Revel filed suit against the Ritz contending that the hotel had failed to exercise ordinary care for her safety. Her husband, David Revel, sued for loss of consortium. On November 2, 1993, the Revels amended their complaint and included various allegations regarding the alleged deficiencies in the hotel's security procedures. They alleged that the hotel had failed to deny access to the hotel to the general public; that the hotel had failed to adequately monitor access to guest room corridors and rooms; and that the hotel had failed to perform walking patrols of the guest room corridors. They also alleged that the hotel had breached its pledge to provide Carolyn Revel with the finest personal service, since it failed to provide necessary security.

The Ritz filed a motion for summary judgment, arguing that there was no liability for Revel's injuries since there had been no substantially similar occurrences on the property. Specifically, the hotel argued that there had never been a rape, sexual assault, or armed robbery committed against anyone on the Ritz premises. The hotel contended that the only crimes against the person which had been committed inside the hotel involved assaults by guests on other guests in the room.[1] The Ritz argued that since the act was not foreseeable, there was no duty to protect Revel.

In opposing the motion, the Revels asserted that once the Ritz

---

[1] There was also evidence of two incidents of assault arising out of arguments which occurred outside of the hotel. There was evidence of several incidents of theft, none of which involved robbery or armed robbery. There was evidence of five incidents of theft which occurred in guest rooms in which a male guest had invited a woman to his room, who subsequently took his property. Several incidents of crimes involving guests' vehicles were also in evidence.

undertook to protect its guests by employing a broad-based security system, it had a duty to operate the system in a non-negligent fashion. They claimed that this duty was breached and that the security system fell beneath acceptable standards of care in the industry.

The superior court denied the Ritz' motion. In its order, the court stated: "[d]efendant is also correct in its assertion that foreseeability exists where substantially similar acts have occurred on the premises. However, Plaintiff correctly states the alternative imposition of liability in cases where a broad-based security system is intact." The court concluded that factual issues remained as to whether the Ritz was negligent in providing security to Revel. The court stated: "[f]acts such as the perpetrator's access to the employee uniform, the prior sighting of a suspicious individual fitting his description, the simultaneous acts of Plaintiff ordering room service and the perpetrator appearing at her room under the pretense of room service, inter alia, suggest that there remain genuine issues of material fact as to whether the Defendant operated its security system in a non-negligent manner." The court also found that, based on OCGA § 24-4-22, the unavailability of the videotape of the surveillance cameras on the date of the incident raised factual issues, since the lost videotape contained information which might resolve negligence issues.

1. " 'It is the duty of [the] proprietor to protect an invitee from injury caused by the misconduct of employees, customers, and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence. Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed.' " *Camelot Club Condo. Assn. v. Bonner*, 207 Ga. App. 634, 635 (1) (428 SE2d 625) (1993), quoting *Savannah College of Art &c. v. Roe*, 261 Ga. 764, 765 (2) (409 SE2d 848) (1991).

The requisite knowledge for imposition of liability may be demonstrated by evidence of the occurrence of prior substantially similar incidents. *Savannah*, supra. In the instant case, it is undisputed that there had been no prior rapes or sexual assaults at the Ritz. It is undisputed that there had been no previous armed robberies at the hotel. It is undisputed that there had been no robberies in a guest's room prior to this incident, except in situations in which the robber had been invited into the room by a guest. It is undisputed that, prior to this incident, there had never been a violent crime committed at the hotel upon anyone. In fact, the Revels' own expert witness admitted that the particular attack upon Ms. Revel was unfore-

seeable.

Nevertheless, there was evidence in the record of incidents of other crimes, including thefts on the premises and crimes to the person occurring at the surrounding shopping areas. Moreover, although the Revels concede that this particular crime was not foreseeable, they contend that Revel, as a woman traveling by herself, was a member of a class of persons where the crime was foreseeable.

In its first enumeration of error, the Ritz contends that the superior court erred in denying its motion for summary judgment. We agree and reverse. "In light of the dearth of evidence of the occurrence of prior substantially similar incidents, the [Ritz] was entitled to summary judgment because there was no evidence sufficient to create a factual issue as to whether the [Ritz] knew or should have known that [its guests] were at risk of a violent criminal sexual attack. *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 70 (378 SE2d 323) (1989)." *Savannah*, supra at 766. The evidence regarding the other crimes was irrelevant, because none of the incidents was substantially similar to the sexual assault which was the basis of this litigation. See *Savannah*, supra. Those incidents did not serve as notice for this crime. "As a matter of law, [the Ritz] owed no duty to protect [Carolyn Revel] from the attack at issue. [Cits.]" *Woods v. Kim*, 207 Ga. App. 910, 911 (429 SE2d 262) (1993); *Taylor v. Atlanta Center Ltd.*, 208 Ga. App. 463 (430 SE2d 841) (1993); compare *Killebrew v. Sun Trust Banks*, 216 Ga. App. 159 (453 SE2d 752) (1995); *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290) (1994), cert. granted 214 Ga. App. 909 (1995).

2. The Ritz also claims that the superior court erred in concluding that its undertaking to provide security on the premises raised a factual issue as to whether this undertaking was exercised non-negligently. The Ritz contends that because there were no prior substantially similar crimes, there was no duty to provide security against this specific type of attack. Again, we agree.

Knowledge of a dangerous condition giving rise to the incident is necessary in order to show the existence of even an initial duty to provide preventive security measures for this type of attack. *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 877 (392 SE2d 535) (1990). Since there were no prior substantially similar attacks on the premises, there was no such knowledge and no duty to provide security adequate to protect against this kind of attack. *Woods*, supra; *Lau's Corp. v. Haskins*, 261 Ga. 491 (3) (405 SE2d 474) (1991); *Donaldson v. Olympic Health Spa*, 175 Ga. App. 258 (333 SE2d 98) (1985); *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130) (1983).

In *Lau's*, supra, our Supreme Court clarified the rule regarding the providing of security; it stated: "A landowner does not become an insurer of safety by taking some security precautions on behalf of in-

vitees. Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required. In all cases, a landowner is not required to do more than is reasonable for the protection of invitees. [Cit.]" Id. at 494-495. In a footnote, the court continued: "[i]f a defendant undertakes to do more for the benefit of another person than the law requires, he or she may be held liable if he or she acts unreasonably or makes the situation worse, by increasing the danger, or by misleading the plaintiff into belief that it has been removed, or by depriving the plaintiff of the possibility of help from other sources. . . ." Id. at 495.

The fact that this particular crime was unforeseeable establishes that there was no duty to protect against this specific attack. The evidence which the Revels present regarding the alleged deficiencies in the security system ignore the fact that there was no duty to protect against this type of attack. As a matter of law, the Ritz did all that was reasonable for the protection of invitees given the absence of any substantially similar incidents.

Moreover, there was no evidence here that the security undertaken by the Ritz made the situation worse by increasing the danger to Revel, misled Revel into the belief that the danger had been removed, or deprived her of the possibility of help from other sources. See generally *Lau's*, supra; *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816 (2) (386 SE2d 415) (1989). Indeed, contrary to misleading Revel into believing that all generalized danger had been removed, aspects of the room itself indicated that not all conceivable risks had been removed. The door had a lock, a deadbolt lock, and a chain on it, and a peephole had been built into the door. The room had a safe in a closet for storing valuables. See generally *Camelot*, supra at 635; *Adler's*, supra at 70 (1) (b).

The Ritz argues that *Atlanta Center Ltd. v. Cox*, 178 Ga. App. 184 (341 SE2d 15) (1986), and *Bishop*, supra, should be overruled in that they appear to analyze the undertaking to protect patrons without regard to the foreseeability of the particular crime. See also *Taylor*, supra. We agree that both cases seem to analyze the security provided independently of the original duty imposed, in a manner inconsistent with that dictated by *Lau's*. Nonetheless, in both cases, the foreseeability of the incident in issue created a factual issue, and thus, there is no need to overrule the cases.

3. The Ritz also enumerates as error the superior court's conclusion that a factual issue existed based on the fact that an individual fitting the description of Revel's assailant was seen by Ritz employee Dianna Baiutti prior to the attack. This argument is based on Baiutti's testimony that she noticed two men who "didn't look like they belonged" at a desk in the hotel lobby on the date of the inci-

dent. She stated that the men "didn't look kosher." She failed to report this to hotel security and the Revels contend that this omission constituted a breach of the Ritz' security policy.

We have reviewed Baiutti's deposition and agree that the superior court erred in determining that this fact created a jury issue. First, as set forth in the divisions above, the lack of foreseeability of this incident created no duty.

Moreover, there was no evidence connecting these men with the assailant in Revel's room. The Revels argue that the fact that Baiutti thought that a composite of a suspect from a separate rape investigation resembled one of the men she saw in the gift store indicates that these two incidents were related. We disagree. Baiutti testified that the composite of Revel's attacker did not resemble either of the men she saw in the gift shop.

Finally, there was evidence that Carolyn Revel had also seen these men. A supplementary police report contained in the record indicates that Revel reported being in the gift shop and "noticing two men that appeared to be out of place." She stated that the sales lady in the gift shop asked her several times out loud to repeat her room number. Mrs. Revel said she repeated her room number from the doorway of the gift shop and believes the men could have heard her.

We find that the superior court erred in determining that Baiutti's testimony created a factual issue.

4. The Ritz claims that the superior court erred in concluding that Revel's action of ordering room service and that of the attacker appearing at her room door under the pretense of room service were simultaneous. The Ritz contends in a separate enumeration that the superior court erred in holding that the attacker's purported access to an employee uniform created a jury issue. Both of these issues are irrelevant in light of the fact that the attack was unforeseeable and therefore no duty in regard to the room service execution or uniform protection arose.

5. Finally, the Ritz argues that the court erred in holding that its failure to produce a videotape of camera surveillance on the premises gave rise to the application of the "spoilation of evidence" doctrine. Again, for the reasons stated in Divisions 1 and 2, we find that the surveillance videotape was irrelevant to the resolution of this case.

*Judgment reversed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 14, 1995 —

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, John C. Bonnie,* for appellant.

*Mundy & Gammage, Gerry E. Holmes,* for appellees.